JUSTICE LINDBERG
 

 delivered the opinion of the court:
 

 This case involves judicial review by the circuit court of Du Page County of a final decision of the Board of Review of the Illinois Department of Labor concerning plaintiff’s claim for unemployment insurance benefits. The Board of Review had determined that the agency was without jurisdiction to hear plaintiff’s appeal from a claims adjudicator’s determination that she was ineligible for benefits. The circuit court reversed the final decision of the Board of Review and ordered that plaintiff be awarded benefits. The Department has taken this appeal from the final judgment Of the circuit court.
 

 Plaintiff is licensed as a beautician. On September 7, 1980, she filed a claim for unemployment insurance benefits after leaving her job as a manager and teaching supervisor at Tricosis School of Cosmetology. A claims adjudicator determined, on September 26, 1980, that plaintiff had left her job because she was reduced from full to part-time work in that “[sjince the claimant could have sought full time work during her off hours, the claimant left work voluntarily without good cause.” On the basis of this finding, the adjudicator ruled her ineligible for benefits. By letter postmarked October 16, 1980, plaintiff filed an appeal from that determination.
 

 Plaintiff appeared before a hearing referee on October 31, 1980, where the circumstances of her termination were extensively reviewed. The hearing referee also questioned plaintiff about the timeliness of her appeal. Her testimony revealed that the claims adjudicator made his decision on September 26, 1980, but plaintiff’s appeal was not postmarked until October 16, 1980. On this basis, the hearing referee concluded that he was without jurisdiction to hear the appeal because it had not been filed within 14 days, the requisite time period pursuant to section 800 of the Unemployment Insurance Act (Ill. Rev. Stat. 1979, ch. 48, par. 470). On February 3, 1981, the Board of Review affirmed the referee’s conclusion that he lacked jurisdiction to hear the appeal.
 

 Plaintiff filed her complaint for administrative review on March 10, 1981. Return receipts attached to the complaint indicate that on October 19, 1981, registered mail was received by the Board of Review, the Illinois Department of Labor and William M. Bowling, Director of the Illinois Department of Labor. In her appellate court brief, plaintiff states that the registered mail receipts were for summonses sent pursuant to section 3 — 103 of the Code of Civil Procedure. (Ill. Rev. Stat. 1981, ch. 110, par. 3 — 103.) The Department filed a motion to dismiss for lack of subject matter jurisdiction on November 30, 1981, arguing plaintiff’s failure to procure issuance of the summonses within the 35-day time period prescribed in section 3 — 103 required dismissal of the action. In her response to the motion to dismiss, plaintiff admitted that the summonses were issued later than 35 days after the decision of the Board of Review. By order dated January 6, 1982, the court denied defendant’s motion to dismiss on the basis that the statute required only that the complaint be filed within 35 days.
 

 In an additional order dated May 21, 1982, and entered of record on June 4, 1982, the trial court reversed the Board of Review’s finding that plaintiff had failed to file a timely appeal from the claims adjudicator’s decision. The trial court based its decision on the fact that section 800 of the Unemployment Insurance Act had been amended-, effective October 5, 1980, to extend the time for filing such an appeal to 30 days. (Ill. Rev. Stat. 1981, ch. 48, par. 470.) Since plaintiff’s appeal was filed within the amended time period (30 days), the trial court ruled the appeal was timely. In its brief filed "with this court, the Department concedes that plaintiff’s appeal from the claims adjudicator’s decision was timely. Therefore, that issue is not before this court. In addition to reversing the Board of Review’s decision regarding jurisdiction, the trial court ruled in its June 4, 1982, order that plaintiff was entitled to unemployment benefits. The court specifically declined to remand the case to the Department of Labor for an eligibility ruling because it concluded, based upon the record, that no decision other than to award benefits to plaintiff was possible. On July 2, 1982, the Department filed a petition for reconsideration of the May 21, 1982, order. The trial court denied the petition on October 6, 1982, and the Department filed a timely notice of appeal.
 

 The Department initially argues that we must reverse the decision of the trial court because it did not have subject matter jurisdiction of the case. Specifically, the Department contends the trial court was without jurisdiction because the summonses were not issued within 35 days of the date the decision of the Board of Review was mailed as required by the Administrative Review Act. (111. Rev. Stat. 1981, ch. 110, par. 3 — 103.) In response, plaintiff argues that while the summonses were not filed within 35 days, the time period is mandatory and not jurisdictional and can be extended if good cause is shown by the party.
 

 This issue was addressed in two recent decisions of the Illinois Supreme Court. In Cox v. Board of Fire & Police Commissioners (1983), 96 Ill. 2d 399, the court reversed the appellate court’s decision that the plaintiff’s failure to secure issuance of the summonses within the 35-day filing period precluded judicial review. Instead, the supreme court in Cox concluded on the specific facts presented there that the plaintiff had commenced his action in a timely fashion. The relevant facts in Cox were that the plaintiff’s attorney had presented to the circuit clerk the unsigned summonses within the 35-day period, but the clerk did not sign and send them until the 36th day. In support of its conclusion, the Cox court specifically adopted the holding of this court in City National Bank & Trust Co. v. Illinois Property Tax Appeal Board (1982), 108 Ill. App. 3d 979, 439 N.E.2d 1301, aff’d (1983), 97 Ill. 2d 378, that the “issuance of summons within the 35-day period was intended to be mandatory and not jurisdictional, and that ‘the purpose of the limitation period was to hasten the procedure in these cases.’ ” Cox v. Board of Fire & Police Commissioners (1983), 96 Ill. 2d 399, 403-04.
 

 In City National Bank & Trust Co. v. Illinois Property Tax Appeal Board (1982), 108 Ill. App. 3d 979, 439 N.E.2d 1301, affd (1983), 97 Ill. 2d 378, the plaintiff sought a reduction in the assessment of its real estate which was denied by the Winnebago County Board of Review. Thereafter, the denial was affirmed by the defendant Board. Following the Board’s decision, the plaintiff filed his complaint in the trial court on the 35th day (a Friday), but the summonses were not issued by the circuit clerk until three days later (a Monday). The plaintiff submitted affidavits stating his attorney had told the deputy clerk on the 35th day of the urgency of sending the summonses that day and the clerk had assured the attorney that while the summonses would not be mailed until the following Monday, they would be made effective on the date the complaint was filed. Presented with these facts, the trial court concluded it had no jurisdiction and thus, dismissed the cause of action.
 

 On appeal, this court reversed. After discussing the appellate court decision in Cox v. Board of Police & Fire Commissioners (1982), 107 Ill. App. 3d 704, 437 N.E.2d 1277, this court analyzed whether any reasonable purpose would be served by requiring these summons as well as the complaint to be filed within 35 days. While finding that the legislature intended the filing of the summons to be mandatory to ensure that dilatory action of the plaintiff would not unduly delay review, the court in City National Bank & Trust Co. v. Illinois Property Tax Appeal Board (1982), 108 Ill. App. 3d 979, 439 N.E.2d 1301, affd (1983), 97 Ill. 2d 378, concluded the issuance of the summons within 35 days was not intended to be a jurisdictional barrier to judicial review. The 35-day period for filing the summons, the court reasoned, “was stated to insure that there would not be the same kind of delay that would be possible after the filing of a complaint in other actions under the Code of Civil Procedure.” (108 Ill. App. 3d 979, 983.) Accordingly, we held that if a plaintiff in good faith attempts to have the clerk issue the summons within 35 days and files the complaint within that period, he cannot be deprived on jurisdictional grounds of his right to have his appeal considered. On appeal, the supreme court affirmed, citing its statement in Cox v. Board of Fire & Police Commissioners (1983), 96 Ill. 2d 399, that the 35-day period is not jurisdictional.
 

 City National Bank & Trust Co. v. Property Tax Appeal Board (1983), 97 Ill. 2d 378, and Cox v. Board of Fire & Police Commissioners (1983), 96 Ill. 2d 399, are dispositive of the case at bar. Both cases hold that the 35-day period for issuance of the summons is mandatory. A litigant must show a good faith effort to have the clerk issue the summons within the 35 days to warrant relaxation of the filing period. (See City National Bank & Trust Co. v. Illinois Property Tax Appeal Board (1982), 108 Ill. App. 3d 979, 983, 439 N.E.2d 1301, 1304.) Plaintiff in the instant case has shown no good faith effort. In fact, plaintiff offers no explanation for the extremely dilatory issuance of the summonses and presents no factors militating toward the conclusion that plaintiff attempted to secure their issuance within the 35-day period. Thus, we cannot say, as we did in City National Bank, that the litigant “is, in effect, deprived of his right to appeal because of a ministerial officer whom he can persuade but cannot control.” 108 Ill. App. 3d 979, 983.
 

 In an attempt to avoid the conclusion that the trial court in the case at bar was without subject matter jurisdiction to award her unemployment benefits, plaintiff offers several arguments: (1) her complaint was filed within 35 days and the Department did eventually receive the summons; (2) courts should construe the right to appeal liberally to permit resolution of the merits of the case, especially when the important right of a citizen to receive unemployment benefits is at stake; (3) the Department failed to show any prejudice resulting from the tardy issuance of the summons; (4) the Department could have, but did not pursue alternative sanctions short of dismissal of the case. None of these arguments compels the conclusion that the trial court had authority to proceed in plaintiff’s case.
 

 Plaintiff relies on three cases for the proposition that the filing of the complaint alone vests jurisdiction in the circuit court. (Norris v. City of Aurora (1978), 64 Ill. App. 3d 748, 381 N.E.2d 996; Dendor v. Board of Fire & Police Commissioners (1973), 11 Ill. App. 3d 582, 297 N.E.2d 316; Hailey v. County Board of School Trustees (1959), 21 Ill. App. 2d 105, 157 N.E.2d 570.) In both Cox v. Board of Fire & Police Commissioners (1982), 107 Ill. App. 3d 704, 437 N.E.2d 1277, rev’d (1983), 96 Ill. 2d 399, and City National Bank & Trust Co. v. Illinois Property Tax Appeal Board (1982), 108 Ill. App. 3d 979, 439 N.E.2d 1301, aff’d (1983), 97 Ill. 2d 378, the appellate court addressed and rejected plaintiff’s argument that filing of the complaint within 35 days was alone sufficient to confer jurisdiction. As noted by the appellate court in Cox, none of.the cases cited by the plaintiff here reached the question of whether the summons had been timely issued. Rather, they only resolve “whether new parties, some of which were necessary, could be brought in after the 35-day period, and reviewing courts held they could.” Cox v. Board of Fire & Police Commissioners (1982), 107 Ill. App. 3d 704, 708, 437 N.E.2d 1277, 1280-81, rev’d on other grounds (1983), 96 Ill. 2d 399.
 

 Plaintiff’s second argument, that the statute should be construed liberally to permit a right of appeal here, is unpersuasive. As the basis for her argument, plaintiff cites the appellate court language in City National Bank & Trust Co. v. Illinois Property Tax Appeal Board (1982), 108 Ill. App. 3d 979, 982, 439 N.E.2d 1301, 1304, affd (1983), 97 Ill. 2d 378, to the effect that courts need not apply a statute literally if the result would be inconsistent with that contemplated by the legislature, and courts should construe liberally a right of appeal to permit resolution on the merits. While these are accurate descriptions of certain statutory construction rules, application of these rules to the instant case does not require the conclusion that the court had jurisdiction. The appellate court in City National Bank applied the rule that a statute need not be read literally to reach the conclusion that the issuance of the summonses within the filing period was not jurisdictional. That court noted, however, that the legislative purpose in establishing the 35-day limitation was to ensure that parties would not unduly delay the appeal process. By concluding that the seven-month delay in issuance of the summonses precludes judicial review here, this court is not reaching a result inconsistent with legislative intent. Rather, the result is consonant with the legislative goal of encouraging prompt resolution of appeals from administrative decisions. Similarly, the City National Bank cited the rule regarding liberal construction of the right to appeal as support for its conclusion that the filing of the complaint was jurisdictional, and the issuance of the summons was mandatory. City National Bank did not authorize so liberal an interpretation of the filing requirements as to condone the issuance of summonses seven months after the expiration of the filing period.
 

 Plaintiff also alleges that the Department has failed to demonstrate any prejudice as a result of the delay. This point was discussed by Justice Mills in his dissent in Cox v. Board of Fire & Police Commissioners (1982), 107 Ill. App. 3d 704, 710, 437 N.E.2d 1277, 1282 (Mills, J., dissenting), rev’d (1983), 96 Ill. 2d 399. However, the facts in Cox were different from those present here. There, the summonses were issued on the 36th day and Justice Mills argued that the strict reading of the statute by the majority which precluded a finding of jurisdiction was harsh and unwarranted, especially where “the prejudice to the defendant is nil.” (107 Ill. App. 3d 704, 710, 437 N.E.2d 1277, 1282 (Mills, J., dissenting).) Here, in contrast, plaintiff issued the summonses seven months late. Under these circumstances, the Department should not be charged with the responsibility of demonstrating prejudice, especially where the statute does not by its specific terms impose such a burden.
 

 Plaintiff in her final argument contends that the Department could have, but did not pursue alternatives less drastic than dismissal, such as want of prosecution or an expedited briefing schedule. This argument, however, is unsupported; she fails to cite any cases or statutory language buttressing her position. Since conclusory arguments without any authority do not satisfy the requirement of Supreme Court Rule 341(e) (73 Ill. 2d R. 341(e)) (Wilson v. Continental Body Corp. (1981), 93 Ill. App. 3d 966), this court can consider her argument waived.
 

 In light of our conclusion that the circuit court was without jurisdiction to entertain the appeal from the Board of Review, we need not address the Department’s contention that the trial court erred in refusing to remand the case to the administrative agency for a final decision on the merits of plaintiff’s claim. The judgment of the circuit court of Du Page County is reversed.
 

 Reversed.
 

 SEIDENFELD, P.J., and UNVERZAGT, J., concur.