GARY GASKI, Plaintiff-Appellant, v. RICHARD J. BRZECZEK, Superintendent of Police, *et al.*, Defendants-Appellees.

First District (1st Division)  No. 86—2193

Opinion filed January 19, 1988.

Julias Padegimas, of Chicago, for appellant.

Judson H. Miner, Acting Corporation Counsel, of Chicago (Ruth M. Moscovitch and Joanne Simboli Hodge, Assistant Corporation Counsel, of counsel), for appellees.

JUSTICE BUCKLEY delivered the opinion of the court:

A citizen filed a complaint with the Chicago police department alleging that plaintiff, Gary Gaski, a Chicago police officer, confiscated jewelry and a small amount of marijuana from another man and himself. Plaintiff did not return the items, nor did he inventory the items and give the men a receipt. Later, plaintiff again stopped the two men and placed them in the rear of the squad car. After warning them that he did not want to see them again, plaintiff let them off in an alley.

Following an exhaustive investigation of these allegations, the po-

lice department recommended a 30-day suspension. Subsequently, plaintiff appeared before an investigatory review panel and contested the allegations and suspension. The panel rejected his position and found the evidence sufficient to support the suspension. The police superintendent concurred with the findings of the panel and sustained the 30-day suspension. Plaintiff then petitioned the police board for review of the suspension. On January 19, 1981, the police board unanimously sustained the 30-day suspension.

On February 23, 1981, plaintiff filed a complaint for administrative review before the circuit court of Cook County. The complaint only named the police superintendent and the police department as defendants. Several days later, plaintiff petitioned the court for a temporary restraining order staying the suspension. The court granted the stay. That same day the defendants moved to vacate the stay and to dismiss the complaint for lack of jurisdiction because the plaintiff failed to name or serve summons on a necessary party, the police board of Chicago. On June 26, 1981, pursuant to defendants' motion, the court vacated the temporary restraining order and dismissed the complaint.

Two months later, the court, pursuant to plaintiff's motion, vacated the dismissal order and granted plaintiff leave to file an amended complaint adding the police board as a party and to serve summons on the board *instanter*. On September 17, 1981, one month later, plaintiff filed an amended complaint adding the police board as a party and serving summons *instanter*.

Subsequently, defendants moved to dismiss the complaint for lack of jurisdiction and for failure to timely serve a necessary party. On July 3, 1986, the court dismissed plaintiff's amended complaint. Plaintiff appeals from this dismissal order.

This appeal presents the narrow issue as to whether the circuit court properly dismissed plaintiff's complaint for administrative review where a necessary party was not timely served or named. The Administrative Review Law (Act) (Ill. Rev. Stat. 1985, ch. 110, par. 3—101 *et seq.*) governs the procedural requirements for review of the police board's decision. (Ill. Rev. Stat. 1985, ch. 24, par. 10—1—45.) The Act mandates that "[e]very action to review a final administrative decision shall be commenced by the filing of a complaint and the issuance of summons within 35 days from the date that a copy of the decision sought to be reviewed was served upon the party affected thereby." (Ill. Rev. Stat. 1985, ch. 110, par. 3—103.) The Act further requires that summons be served "by registered or certified mail on the administrative agency and on each of the other defendants." Ill.

Rev. Stat. 1985, ch. 110, par. 3—105.

■ There is no dispute that summons was not issued to the administrative agency, the police board, within the 35-day period. Plaintiff claims that this defect is not fatal to his complaint because summons was timely issued and served on the police superintendent, and as an agent of the board, serving summons on him amounted to service on the board. This argument misses the mark. First, the Illinois Municipal Code does not in any way designate the police superintendent as an agent of the police board for the purpose of service of summons or any other purpose. (See Ill. Rev. Stat. 1985, ch. 24, par. 3—7—3.2.) Second, the Act specifically requires that the "administrative agency and *** each of the other defendants" be served with summons. (Ill. Rev. Stat. 1985, ch. 110, par. 3—105.) This provision does not provide for service on an agent of the administrative agency. Rather, it expressly requires that the agency and all other defendants be served.

■ Failure to timely serve summons, however, does not automatically preclude judicial review. (See *Cox v. Board of Fire & Police Commissioners* (1983), 96 Ill. 2d 399, 403-04, 451 N.E.2d 842, 844.) The 35-day period for issuance of summons is mandatory and not jurisdictional (*Moretti v. Department of Labor* (1983), 119 Ill. App. 3d 740, 743, 457 N.E.2d 114, 116), but plaintiff must show a good-faith effort to have the clerk issue summons within 35 days to warrant relaxation of the statutory period. *American National Bank & Trust Co. v. Chicago* (1985), 132 Ill. App. 3d 570, 572, 478 N.E.2d 1, 3.

The instant case is analogous to *Moretti v. Department of Labor* (1983), 119 Ill. App. 3d 740, 457 N.E.2d 114. In *Moretti,* plaintiff failed to have summonses issued until seven months after the agency's decision became final. Moreover, she offered no explanation for the late issuance of the summonses. The court held that the case law interpreting the Act does not "authorize so liberal an interpretation of the filing requirements as to condone the issuance of summonses seven months after the expiration of the filing period." 119 Ill. App. 3d at 746, 457 N.E.2d at 118.

■ In the instant case, the plaintiff had summons issued and served approximately nine months after the police board's decision was served on him. Moreover, as in *Moretti,* plaintiff offers no explanation for his lateness. The record is totally devoid of any good-faith effort by plaintiff to have summons issued in a timely manner, and, accordingly, there is no reason to relax the 35-day period. We conclude that plaintiff was not diligent in obtaining issuance of summons.

■ Plaintiff was also not diligent in naming the police board. A

plaintiff may amend his complaint after the 35-day period has elapsed, but only where due diligence is shown. (*Bradshaw v. Barnes* (1986), 145 Ill. App. 3d 866, 872, 496 N.E.2d 276, 280.) Plaintiff did not exercise due diligence by naming a party approximately nine months after the police board's decision was served on him, without any explanation or showing of extenuating circumstances.

Plaintiff has failed to meet two requirements of the Act, unduly delaying the administrative review process. Thus, the circuit court properly dismissed his complaint.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

CAMPBELL, P.J., and MANNING, J., concur.