RICHARD LEGHORN, Plaintiff-Appellant, v. KRAFT, INC., *et al.*, Defendants-Appellees.

First District (4th Division)   No. 87—1346

Opinion filed June 30, 1988.

Lehrer, Flaherty & Canavan, of Wheaton (Norman H. Lehrer and Francis X. Riley, of counsel), for appellant.

Timothy C. Klenk, of Pope, Ballard, Shepard & Fowle, of Chicago, and Burton L. Reiter, of Kraft, Inc., of Glenview, for appellee Kraft, Inc.

JUSTICE JOHNSON delivered the opinion of the court:

Plaintiff, Richard Leghorn, appeals from an order of the circuit court of Cook County dismissing his request for judicial review against defendants, Kraft, Inc., the Department of Human Rights (hereinafter Department) and the Human Rights Commission (hereinafter Commission), for failure to have summons issued within the 35-day statutory period. On appeal, the sole issue for review is whether the trial court erred in dismissing plaintiff's request for judicial review for failure to exercise due diligence to timely issue summons.

We affirm.

On August 29, 1984, plaintiff filed an age discrimination charge against Kraft with the Department. On May 22, 1985, the Department dismissed plaintiff's charge because it was not filed within the statutory 180-day period from firing. He appealed to the Commission, which affirmed the Department's order. Plaintiff received notice of this decision on November 25, 1985, and on December 30, he sought judicial review of the Commission's decision. Plaintiff attempted service on that date, but the clerk's office found the summons to be insufficient. On January 17, 1986, plaintiff resubmitted the summons, at which time it was issued. Kraft and the Commission filed a motion to dismiss plaintiff's request for judicial review. They claimed that the summons had not been issued within 35 days from the time plaintiff received notice of the Commission's decision, as required by statute. After hearing oral arguments, the court granted defendants' motion

for prejudice.

Plaintiff concedes that the summons was not issued timely. However, plaintiff contends that the untimely issuance of the summons was not due to his lack of diligence, but resulted from the clerk of the court's refusal to issue the summons. Plaintiff cites *City National Bank & Trust Co. v. Property Tax Appeal Board* (1983), 97 Ill. 2d 378, and *Cox v. Board of Fire & Police Commissioners* (1983), 96 Ill. 2d 399, to support his contention.

In *City National Bank,* plaintiff's attorney informed the clerk's office that the complaint was being filed on the 35th day and therefore summons had to be issued on that date. He was told that the summons would be issued effective that date; however, the summons bore a date three days later. Plaintiff in *Cox* filed his complaint for judicial review on the 35th day, but the clerk of the court did not issue the summons until the following day. In each case the Illinois Supreme Court found that the action was timely commenced and that the failure to issue the summons within the statutory time period was entirely the clerk of the court's error. *City National Bank & Trust Co. v. Property Tax Appeal Board* (1983), 97 Ill. 2d 378, 382; *Cox v. Board of Fire & Police Commissioners* (1983), 96 Ill. 2d 399, 404.

■ Unlike in *City National Bank & Trust Co.* and *Cox,* here the clerk's office was correct in refusing to accept and issue the summons. Section 3—105 of the Code of Civil Procedure provides that "[s]ervice [of summons] on the administrative agency shall be made by the clerk of the court by sending a copy of the summons addressed to the agency at its main office in the State." (Ill. Rev. Stat. 1981, ch. 110, par. 3—105.) Moreover, in the cases cited by plaintiff the summonses were filed on time and in required form for issuance. In the instant case, although plaintiff presented the summons on the 35th day, it was found to be insufficient. The clerk's office refused to accept the summons because plaintiff had altered the form to provide for service from his office, in direct contravention of the statute. Accordingly, plaintiff's reliance upon *City National Bank & Trust Co.* and *Cox* is misplaced.

■ Illinois courts have adopted the rule of statutory construction stating that the right to appeal will be liberally construed in order to allow a case to be considered on its merits. (*Cox v. Board of Fire & Police Commissioners* (1983), 96 Ill. 2d 399, 403.) The purpose of the time limitation is to guarantee that the party seeking review will not unduly delay review of the administration action. (*American National Bank & Trust Co. v. City of Chicago* (1985), 132 Ill. App. 3d 570, 572, *cert. denied* (1987), 484 U.S. 977, 98 L. Ed. 2d 487, 108 S. Ct. 489.)

However, enforcement of the 35-day rule will be relaxed if the party seeking review can establish that he exercised due diligence or a good-faith effort to have the clerk issue the summons within that time frame. *Cox*, 96 Ill. 2d at 404; *Gaski v. Brzeczek* (1988), 165 Ill. App. 3d 964, 967; *American National Bank & Trust Co.*, 132 Ill. App. 3d at 572.

In the present case, we find that plaintiff's actions demonstrated a lack of good faith and diligence to have summons served within the appropriate time period. Plaintiff deliberately altered the summons form to provide for service from his office. Pursuant to statute, the clerk of the court is required to serve summons and plaintiff was so advised. Nevertheless, plaintiff resubmitted the same summons more than two weeks beyond the 35-day limitation. Accordingly, we find no reason to relax the 35-day statutory period.

For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

Affirmed.

JIGANTI, P.J., and LINN, J., concur.