12/31/97

No. 1--96--0141

MARIA R. YAP, ) Appeal from the

) Circuit Court of

Plaintiff-Appellee, ) Cook County.

)

v. )

)

NIKKI M. ZOLLAR, as Director of the ) 

Illinois Department of Professional )

Regulation, ILLINOIS DEPARTMENT OF )

PROFESSIONAL REGULATION, and the )

members of the Committee of Nurse )

Examiners, ) Honorable

) Edwin M. Berman,

Defendants-Appellants. ) Judge Presiding.

JUSTICE BURKE delivered the opinion of the court:

Defendants Nikki Zollar, Director of the Illinois Department of Professional Regulation, and the Illinois Department of Professional Regulation (Department) appeal from an order of the circuit court reversing the Department's decision denying plaintiff Maria Yap licensure by endorsement as a professional registered nurse.  On appeal, defendants argue that: (1) the Department's application of section 15 of the Illinois Nursing Act of 1987 (Act) (225 ILCS 65/15 (West 1993)) did not constitute a prohibited retroactive application of the statute because the Department denied Yap's application based on the Act as it existed in May 1995, and Yap was not deprived of a property or liberty interest because she did not have a vested right to a license; (2) the trial court erred in reversing the Department's decision because Yap failed to satisfy Illinois' statutory requirements for licensure by endorsement based on the fact that the licensing requirements in Minnesota, where Yap first became licensed, "were not substantially equal to the Illinois requirements for licensure then in force"; (3) the change made to section 15 of the Act was merely procedural and not substantive and only clarified existing law; (4) contrary to Yap's argument that she complied with the requirements of a 1990 amendment to section 15 of the Act and that her "time of application" cannot be considered to have started to run prior to the 1990 amendment, there "is simply no basis to ignore the first examination attempt," and the fact that the Department considered that examination does not mean that the Department retroactively applied the 1990 amendment; (5) Yap's application would have been properly denied under the "six times within three years" rule required for passing the exam which was in effect between 1988 and 1990; (6) even if this court finds that the Act cannot be applied retroactively to deny Yap licensure by endorsement in Illinois, pursuant to 
Valdez v. Zollar
, 281 Ill. App. 3d 329, 665 N.E.2d 560 (1996), and 
de la Rosa v. Zollar
, 291 Ill. App. 3d 855, 684 N.E.2d 811 (1997), all pre-1990 applicants were required to pass the National Council Licensure Examination (NCLEX) by March 1993 and, because Yap did not pass the exam until 1994, her application was properly denied; and (7) the State's statutory interests in the licensing of qualified nurses outweigh whatever inequity Yap may have suffered due to the application of the 1990 amendment to section 15 of the Act.  For the reasons set forth below, we affirm.

Yap graduated from nursing school in the Philippines in 1979.  In February 1987, Yap first attempted to pass the NCLEX exam in Illinois.  The NCLEX is a standardized nationwide exam given to all applicants who want to practice nursing in the United States.  Yap took and failed the exam in Minnesota in July 1992, February 1993 and July 1993.  Yap took and passed the exam in Minnesota in February 1994, and was issued a license to practice nursing in that state on March 3, 1994.  On June 15, 1994, Yap also was issued a license by endorsement in Florida and, on July 19, 1994, she was issued a license by endorsement in Indiana.

In May 1995, Yap applied for licensure by endorsement in Illinois based upon her Minnesota license.  On June 15, 1995, the Department sent Yap a letter denying her application for licensure by endorsement to practice nursing in Illinois.  The letter stated that, as of the date of Yap's licensure in Florida (June 15, 1994),
(footnote: 1) section 15 of the Illinois Nursing Act of 1987 (Act) (225 ILCS 65/15 (West 1993)) required an applicant to pass the NCLEX exam within three years of the applicant's first attempt, and because Yap had not passed the exam within three years of her first attempt (February 1987), she could not be licensed by endorsement in Illinois.  The letter also stated that the Act prescribed that the requirements in effect in the state of original licensure at the time of an applicant's licensure had to be substantially equal to the Illinois licensure requirements in effect at that time and, in Yap's case, they were not substantially equal because Minnesota did not impose any time limits for passing the NCLEX.  The letter instructed Yap that under section 15 of the Act, she must successfully recomplete an approved registered professional nursing education program and submit a new application and supporting documentation meeting all requirements in effect at the date of application.

On July 11, 1995, Yap filed a complaint for administrative review of the Department's decision denying her licensure by endorsement.  In her complaint, Yap alleged that the Illinois licensure requirements in effect at the time she first attempted the NCLEX exam in Illinois in 1987 required an applicant to pass the exam within six attempts over an unlimited period of time.  Yap also alleged that the "six-failure" rule was repealed in January 1990, and replaced with a provision which required an applicant to pass the NCLEX within three years of the applicant's first attempt.  Yap further alleged that the 1990 provision could not be applied retroactively to her application for licensure by endorsement because to do so would deny her equal protection and due process of law.

In its response to Yap's complaint, the Department stated that it had denied Yap's application for licensure by endorsement because the licensing requirements in her state of original licensure, Minnesota, were not "substantially equal" to those in Illinois as prescribed by the Illinois Act.  The Department contended that "Illinois, unlike Florida,
(footnote: 2) requires that those who do not pass the licensing examination within three years of the first time they take the examination must complete the entire course of study."  The Department argued that Yap did not pass the NCLEX within three years from the date of her first examination in 1987 in Illinois and, because she did not pass the exam until 1994 in Minnesota, she could not be licensed in Illinois by endorsement.  The Department further argued that its application of the amended 1990 statute did not constitute improper retroactive application of that statute because the change in the statute was procedural, rather than substantive.

In Yap's reply to the Department's response to her complaint, she argued that the 1990 amendment to section 15 was substantive in nature, and therefore could not be applied retroactively to her.  Yap further argued that applying the 1990 amendment to her would deprive her of her constitutional right to pursue her profession.

At the hearing on Yap's complaint on December 6, 1995, the trial court discussed the fact that several cases were pending in this court "dealing" with the same issue as the one presented by Yap.  The trial court specifically discussed 
Banzon v. Zollar
, No. 95 CH 2119, in which another circuit court judge ruled that the "same amended provision" of the Act could not be applied retroactively.  The trial court in the present case then ruled that the 1990 amendment could not be applied retroactively to Yap, stating:

"In view of what I stated on the record here with regard to the previous ruling by Judge Getty and my feelings that he is correct in that ruling, that this--you cannot grant retroactive capability to a rule in the middle of the game.

And I feel that's what this has done.  ***

And there is really no sense in several courts around this division to say the same thing.

I adopt his brief and ruling with regard to this case."

The trial court then entered an order reversing the Department's decision denying Yap's licensure by endorsement.  This appeal followed.

The Department first argues that it's application of section 15 of the Act did not constitute a prohibited retroactive application of the statute because it denied Yap's application based on the Act in effect in May 1995, and Yap was not deprived of a property or liberty interest because she did not have a vested right to a license. 

Yap contends that the trial court properly reversed the Department's decision because it constituted an unconstitutional retroactive application of section 15 of the Act.  Yap argues that when she first took the NCLEX exam in 1987 in Illinois, she reasonably relied on the statute in effect at that time, which required passage of the NCLEX exam within six attempts in an unlimited period of time, and that to now change the requirements to passage within three years of her first attempt to take the exam in 1987 would deprive her of her constitutional right to pursue her profession.  

"It is well settled that the factual findings of an administrative agency are deemed 
prima
 
facie
 true and correct and the agency's decision based thereon may be disturbed by a court sitting in administrative review only where that decision is contrary to the manifest weight of the evidence."  
Butlas v. Board of Fire and Police Commissioners
, 171 Ill. App. 3d 189, 193, 524 N.E.2d 1172 (1988).  "When the question raised on review is purely legal, such as statutory construction, an agency's interpretation should receive deference because it flows from its experience and expertise," and this court's review is 
de
 
novo
.  
Thomas M. Madden & Co. v. Department of Revenue
, 272 Ill. App. 3d 212, 215, 651 N.E.2d 218 (1995).  In the present case, there are no factual issues in dispute, and the only issue is whether the Department's denial of Yap's application for licensure by endorsement constituted an improper retroactive application of sections 15 and 19 of the Act.  Therefore, this court's review of the issues presented is 
de
 
novo
.

"[A] retroactive change in the law is one that takes away or impairs vested rights under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability in respect of transactions or considerations already past."  
Valdez
, 281 Ill. App. 3d at 333.  "Generally, a statute will be deemed to operate prospectively and will not be given a retroactive effect unless the language of the statute is clear in requiring it."  
Royal Imperial Group, Inc. v. Joseph Blumberg & Associates, Inc.
, 240 Ill. App. 3d 360, 364, 608 N.E.2d 178 (1992).  However, this presumption can be rebutted by showing that the amendment merely affects a procedural as opposed to a substantive matter, or merely clarifies existing law.  
Royal
, 240 Ill. App. 3d at 364-65.  A statute may also be applied retroactively if such an operation appears "by necessary or unavoidable implication."  
U.S. Steel Credit Union v. Knight
, 32 Ill. 2d 138, 142, 204 N.E.2d 4 (1965).

When Yap first attempted the NCLEX, the relevant provision of the Act regarding the requirements for licensure in this State provided, in pertinent part:

"Any person in this State or in any other State or territory of the United States 
who shall fail any examination a total of 6 times
, to determine the fitness of such person to receive a license as a licensed practical nurse shall thereafter be ineligible to take any further examination until such time as such person shall submit to the Department full evidence as the Department may deem satisfactory, of the recompletion of the entire course of study equivalent in the judgment of the Department to the course of study required as a prerequisite to admission to the initial examination."  (Emphasis added.)  Ill. Rev. Stat. 1985, ch. 111, par. 3428.2.

In 1987, the Act was amended, effective January 1, 1988, and provided, in pertinent part:

"[A]ny person in this State or in any other jurisdiction of the United States 
who fails any examination a total of 6 times within 3 years
 to determine the fitness of such person to receive a license as a registered professional nurse or a licensed practical nurse, shall thereafter be ineligible to take any further examination or examinations, or be issued a license, until such time as such person shall submit to the Department full evidence as the Department may deem satisfactory, of the recompletion of the entire course of study, in the judgment of the Department, to the course of study as specified in Sections 12 and 13 respectively, of this Act."  (Emphasis added.)  Ill. Rev. Stat. 1987, ch. 111, par. 3515.

The General Assembly also approved two additional amendments to section 15 on the same day, September 1, 1989.
  Public Act 86--615, effective September 1, 1989, amended section 15 as follows:

"However, any person in this State or in any other jurisdiction of the United States who fails to 
pass an examination
 
any examination a total of 6 times
 within 3 years to determine the fitness of such person to receive a license as a registered professional nurse or a licensed practical nurse, shall thereafter be ineligible to take any further examination or examinations, or be issued a license, until such time as such person shall submit to the Department full evidence as the Department may deem satisfactory, of the recompletion of the entire course of study, in the judgment of the Department, to the course of study as specified in Sections 12 and 13 respectively, of this Act."  Pub. Act 86--615, eff. September 1, 1989, 1989 Ill. Laws 3344, 3356.

Public Act 86--596, effective January 1, 1990, amended section 15 as follows:

"However, any person in this State or in any other jurisdiction of the United States who fails any examination a 
total of 6 times
 
within 3 years
 to determine the fitness of such person to receive a license as a registered professional nurse or a licensed practical nurse, shall thereafter be ineligible to take any further examination or examinations, or be issued a license, until such time as such person shall submit to the Department full evidence as the Department may deem satisfactory, of the recompletion of the entire course of study, in the judgment of the Department, to the course of study as specified in Section 12 and 13 respectively, of this Act."  (Emphasis added.)  Pub. Act 86--596, eff. January 1, 1990, 1989 Ill. Laws 3213, 3227.

The 1989 Illinois Revised Statutes contained the September 1, 1989, amendment language to section 15 requiring that the exam be passed "within 3 years" as amended in Public Act 86--615, and the amendment history stated, "
Amended by P.A. 86--596
, §3, eff. Jan. 1, 1990; P.A. 86--615, §4, eff. Sept. 1, 1989; P.A. 86--1028, Art. II, §2--56, eff. 
Feb. 5, 1990
."  (Emphasis added.)  Ill. Rev. Stat. 1989, ch. 111, par. 3515.  The next publication of the Illinois Revised Statutes was in 1991 and it contained the identical provision published in the 1989 Illinois Revised Statutes.  After enactment of these two simultaneous amendments, the Act was then again amended, effective February 5, 1990, and provided, in pertinent part:

"[A]ny person in this State or in any other jurisdiction of the United States 
who fails to pass an examination within 3 years
 to determine the fitness of such person to receive a license as a registered professional nurse or a licensed practical nurse, shall thereafter be ineligible to take any further examination or examinations, or be issued a license, until such time as such person shall submit to the Department full evidence as the Department may deem satisfactory, of the recompletion of the entire course of study, in the judgment of the Department, to the course of study as specified in Section 12 and 13 respectively, of this Act."  (Emphasis added.)  225 ILCS 65/15 (West 1993); Pub. Act 86--1028, eff. February 5, 1990, 1990 Ill. Laws 1, 388.

The Act also provided that an applicant who requested licensure by endorsement would be granted such licensure "whenever the requirements of such state, or territory of the United States were at the date of license substantially equal to the requirements then in force in this State."  225 ILCS 65/19(a)(1) (West 1993).

We initially observe that the February 5, 1990, amendment is the amendment at issue here because it superseded the January 1, 1990, amendment.  
Hyatt Corp. v. Sweet
, 230 Ill. App. 3d 423, 433, 594 N.E.2d 1243 (1992).  The issue of whether the 1990 amendment to section 15 of the Act could be applied retroactively to an applicant for licensure by endorsement who first took the NCLEX exam before the 1990 amendment was addressed by this court in 
Valdez
, 281 Ill. App. 3d 329.  In 
Valdez
, two plaintiffs, Maryann Valdez and Nida Gaffud, were denied licensure by endorsement by the Department based on the January 1, 1990,
(footnote: 3) amendment to the Act.  Valdez first attempted and failed the NCLEX exam in 1987.  She then failed the exam in February 1988, February 1990, July 1990, February 1991, February 1992 and July 1992.  She finally passed the exam in Minnesota on her eighth attempt in February 1993.  Gaffud first attempted and failed the NCLEX exam in 1983.  She then failed the exam in February 1984, July 1984, July 1985 and July 1991.  Gaffud finally passed the exam in Wisconsin on her sixth attempt in February 1993.  

When both Valdez and Gaffud first attempted to pass the NCLEX exam, the Illinois statute provided that applicants would be allowed a total of six attempts within an unlimited period of time before being required to recomplete their course of study.  When both Valdez and Gaffud passed the exam in 1993, the Illinois statute provided that an applicant must pass the exam within three years, after which time the applicant would be required to recomplete his or her course of study.  Both Minnesota, where Valdez passed the exam, and Wisconsin, where Gaffud passed the exam, had admission rules identical to Illinois' Act but for the three-year time limitation imposed by Illinois' 1990 amendment to the Act.  
Valdez
, 281 Ill. App. 3d at 332.

The 
Valdez
 court held that the January 1990 amendment could not be applied retroactively to "preclude additional NCLEX attempts [by Valdez and Gaffud] under its three-year time limit before March 1993 because such a change would have created a new obligation and imposed a new duty with respect to the past consideration of previous exams."  
Valdez
, 281 Ill. App. 3d at 333.  The 
Valdez
 court further stated:

"Whether a particular expectation rises to the level of a vested right is not capable of precise definition, but it should be a complete and unconditional demand or exemption that may be equated with a property interest.  [Citation.]  For a particular expectation to be strong enough to render it complete and unconditional, we believe that a major factor must be the reasonable reliance that the expectation induces.  [Citations.]  In this matter, the plaintiffs detrimentally relied on the statute as it existed before 1990.  They lost the opportunity to attempt additional exams before their three-year time limit expired.  We find that the lack of any time restrictions for passing the NCLEX before 1990 was an unconditional exemption that rose to the level of a vested right."  
Valdez
, 281 Ill. App. 3d at 333.

The 
Valdez
 court also declared that "March 1993 [is] *** when the three-year limit could first be enforced to bar pre-1990 NCLEX applicants from future NCLEX attempts, because March 1993 is when the 1990 amendment would first begin to bar others who had initially attempted NCLEX after the amendment's effective date--those who initially tried NCLEX in February 1990."  
Valdez
, 281 Ill. App. 3d at 335.

In the present case, based on 
Valdez
, we find
 that the February 5, 1990, amendment could not be applied retroactively to preclude Yap's licensure by endorsement.  When Yap first took the NCLEX exam in February 1987, the Act provided that an applicant could take the exam a total of six times within an unlimited period of time before being required to recomplete the entire course of study equivalent to the study required as a prerequisite to admission to the initial examination.  To deny Yap her license by endorsement based upon her licensure in Minnesota in March 1994 and the application of the February 1990 amendment to the Act, requiring that an applicant pass the exam within three years of first attempting the exam, would deprive Yap of a vested right because she, being in the same position as the 
Valdez
 plaintiffs, reasonably relied on the 1987 statute which allowed an applicant six attempts to pass the exam within an unlimited period of time.

The Department also argues that the trial court erred in reversing it's decision denying Yap licensure because Yap failed to satisfy Illinois' statutory requirements for licensure by endorsement based on the fact that the licensing requirements in Minnesota, where Yap first became licensed, "were not substantially equal to the Illinois requirements for licensure then in force."  Because we find that the 1990 amendment cannot be applied retroactively to Yap's application for licensure by endorsement, the Department's argument that its denial of Yap's application for licensure was proper fails.  Yap passed the examination within three years of her first attempt after the 1990 amendment became effective.  Thus, even though the Minnesota statute, as the Department contends, allowed for unlimited attempts, Yap clearly passed the exam within the time limits set forth in the 1990 amendment to Illinois' Act.

The Department next argues that the change made to section 15 of the Act was merely procedural, not substantive, and only clarified existing law.  
When Yap first attempted the NCLEX exam, the Illinois statute allowed for an unlimited time period.  The act was subsequently amended to require passage within three years.  Because the February 1990 amendment significantly changed the time limit required to pass the exam, we find that the change was substantive.  As the 
Valdez
 court stated, the Department cannot preclude additional NCLEX attempts under the three-year provision to an applicant who first took the exam when the statute provided for no time limit because the change in the statute would have created a new obligation and imposed a new duty with respect to the past consideration of previous exams.  
Valdez
, 281 Ill. App. 3d at 333.  

The Department's further arguments, that there "is simply no basis to ignore *** [Yap's] first examination attempt" and the fact that the Department considered that examination does not mean that the Department retroactively applied the 1990 amendment, also fail in light of our holding that the 1990 amendment cannot be applied retroactively to Yap; the Department simply could not base its denial of Yap's licensure by endorsement by calculating a three-year time period from her pre-1990 first attempt to pass the exam.  We also briefly note that the Department's argument that Yap's application would have been properly denied under the "six times within three years" rule required for passing the exam which was in effect between 1988 and 1990 is without merit.  The Department did not deny Yap's licensure based on the 1988 statute.  Additionally, as the 
Valdez
 court recognized, the statute in effect from 1988 to 1990 placed no limits on examination attempts if those attempts were spaced so that six were not taken in a three-year period and, in fact, here Yap passed the exam on her fifth attempt.

The Department also contends, however, that even if we find that the Act cannot be applied retroactively to deny Yap licensure in Illinois, pursuant to 
Valdez
 and 
de la Rosa
, all pre-1990 applicants were required to pass the NCLEX exam by March 1993 and, because Yap did not pass the exam until 1994, her application was properly denied.  

In 
de la Rosa
, the plaintiff attempted and failed the NCLEX exam in July 1984, July 1986, February 1987, July 1987, and July 1993.  The plaintiff passed the exam in February 1994 and received her license as a registered nurse in California on March 31, 1994.  Thereafter, she was licensed by endorsement in Indiana in July 1994, and subsequently applied for licensure by endorsement in Illinois.  The Department denied her application for licensure by endorsement because she did not pass the exam within the three-year time limit prescribed by the Illinois statute in effect at the time of her application.  The trial court reversed the Department's decision.

The 
de la Rosa
 court,
(footnote: 4) after discussing the 
Valdez
 decision and restating 
that the January 1990 amendment to section 15 of the Act, requiring that an applicant pass the exam within three years after her first attempt, could not be applied retroactively to pre-1990 applicants, held that the plaintiff, who was a pre-1990 applicant, was properly denied licensure by endorsement because she failed to pass the exam by March 1993, the date the 
Valdez
 court had declared as applicable to pre-1990 applicants.  In so holding, the 
de la Rosa
 court 
rejected the plaintiff's argument that "the three-year period begins to run from the date of plaintiff's first attempt to pass the exam after the January 1990 effective date of the amended Act," stating: 

"This contention controverts our decision in 
Valdez
.  In our view, such an application of the statute could allow pre-1990 applicants to elect not to make a first attempt to pass the exam until more than three years after January 1993 and still have three additional years within which to qualify for licensure.  Moreover, pre-1990 applicants would be in a better position than post-1990 applicants because they would be allowed more time to pass the exam.

***

"In accordance with our holding in 
Valdez
, we believe plaintiff had an ample amount of time to have discovered and adjusted to the 1990 amendment.  ***  We determine that there was no detrimental reliance by plaintiff in being required to comply with the current provisions of the Act, which have been in effect since 1990, and that plaintiff had only a mere expectation in the continuance of the Act that did not rise to the level of a vested right.  [Citation.]  Thus, we hold that, under these circumstances, the application of the 1990 amendment to plaintiff's situation does not constitute retroactivity."  
de la Rosa
, 291 Ill. App. 3d at 861-62.

Accordingly, the 
de la Rosa
 court reversed the trial court, holding that the Department's decision denying the plaintiff licensure by endorsement was proper because, pursuant to 
Valdez
, the plaintiff was required to pass the exam by March 1993 but did not pass it until 1994.

While, we agree with the 
Valdez
 and 
de la Rosa
 courts to the extent that the 1990 amendment cannot be retroactively applied to pre-1990 applicants, we respectfully disagree with those courts that Yap was required to pass the exam by March 1993 based on our determination that Yap had no notice of the March 1993 deadline.

"The long-standing rule is that the prospective application of statutes is to be preferred to retroactive application because of the fundamental principle of jurisprudence that the retroactive application of new laws is usually unfair and the general consensus that notice or warning of the rule should be given in advance of the action whose effects are to be judged."  
Harraz v. Snyder
, 283 Ill. App. 3d 254, 259, 669 N.E.2d 911 (1996) citing 
Moshe v. Anchor Organization for Health Maintenance
, 199 Ill. App. 3d 585, 598, 557 N.E.2d 451 (1990); 
Burke v. Department of Registration & Education
, 83 Ill. App. 3d 647, 650, 404 N.E.2d 961 (1980) (holding that notice of a change in an agency's interpretation of a rule that substantially affects an applicant's licensure must be given before that new rule can be binding).  In the present case, the February 1990 amendment to section 15 does not place a pre-1990 applicant on notice that she was required to pass the exam by March 1993, as opposed to within three years from her first attempt after the 1990 amendment, as that amendment plainly states, and retroactive application of the 1990 amendment to Yap to preclude her licensure by endorsement therefore would be unfairly prejudicial to her because of the lack of notice.

Yap also would not be on notice of the March 1993 deadline based on the Department's regulation which was promulgated shortly after the 1990 amendment of section 15 of the Act.  Section 1300.25 of the Illinois Administrative Code (68 Ill. Adm. Code §1300.25 (1996)), effective June 12, 1990, controlling the NCLEX examination and licensure by endorsement provides, in pertinent part:

"If the examination is not passed within three years from the date of the first examination taken, regardless of jurisdiction in which the examination was written, the applicant shall not be permitted to retake the examination until such time as the applicant has successfully recompleted the entire approved nursing education program as set forth in Section 1300.40(h)(9)."  68 Ill. Adm. Code §1300.25(b)(3) (1996).

The regulation does not state that an applicant who attempted the NCLEX before the 1990 amendment must pass the exam before March 1993; the regulation merely repeats the 1990 amendment's requirement of passage of the exam within three years of an applicant's first attempt, as of 1990.  Thus, based on the Department's section 1300.25(b)(3) regulation, Yap could not have been on notice that she was required to pass the NCLEX exam by March 1993.  We also briefly note that the first time Yap could have been aware of the March 1993 deadline declared in 
Valdez
 was in May 
1996
, when the 
Valdez
 decision was issued.

Based on the foregoing, we therefore find that Yap was not on notice that she was required to pass the exam by March 1993 and, because she passed the exam in February 1994 within three years of her first attempt in July 1992 after enactment of the 1990 amendment to the Act, the Department's denial of her licensure by endorsement was erroneous.

The Department also argues, however, that the State's significant "statutory interests" in the licensing of qualified nurses outweigh whatever inequity Yap may have suffered due to the application of the three-year requirement.  In support of its argument, the Department relies on 
Yu v. Clayton
, 147 Ill. App. 3d 350, 497 N.E.2d 1278 (1986), and 
Wineblad v. Department of Registration and Education
, 161 Ill. App. 3d 827, 515 N.E.2d 705 (1987).  These cases, however, are distinguishable.  As the 
Valdez
 court stated, the plaintiffs in 
Yu
 and 
Wineblad
 "did not reasonably rely on the previous rules."  
Valdez
, 281 Ill. App. 3d at 334.  In the case at bar, Yap detrimentally relied on the 1987 statute, losing the opportunity to attempt additional exams before expiration of the three-year time limit of the 1990 amendment.  While the State's interest in licensing medical providers is of great importance, where an applicant is "already licensed in other states, this court has been less ready to accept arguments that severe actions are necessary to ensure the quality of medical care in this state."  
Valdez
, 281 Ill. App. 3d at 336.  In the case at bar, based on the fact that the amendment constituted a "severe action" because it affected a vested right and Yap was already licensed in Minnesota, we find that the State's interest in ensuring the quality of medical care does not outweigh Yap's right to pursue her profession and her reasonable reliance on the statute as it existed in 1987.

Lastly, we briefly note that 
Binkley v. Zollar
, 289 Ill. App. 3d 189, 681 N.E.2d 153 (1997), upon which the Department relies in support of its argument that Yap should be denied licensure in Illinois, is also 
distinguishable from the case at bar.  In 
Binkley
, the plaintiff did not first attempt the NCLEX exam until February 1990, 
after
 the relevant statutory provision had been amended to provide that an applicant must pass the exam within three years from her first attempt and, therefore, the plaintiff in that case, unlike Yap in the present case, was on notice that she was required to pass the exam within three years of her first attempt.  Here, as stated above, Yap had no notice of the March 1993 deadline for pre-1990 applicants.

For the reasons stated, we affirm the judgment of the circuit court.

Affirmed.

McNAMARA and CERDA, JJ., concur.

FOOTNOTES
1:
While the Department's letter indicated that Yap's original state of licensure was Florida, in actuality, her original state of licensure was Minnesota in March 1994.

2:
Later in its response to Yap's complaint, the Department referred to the date of Yap's licensure in 
Minnesota
.  It also appears that the Department was comparing the Illinois statute with the Minnesota statute in effect at the time of licensure for purposes of the Illinois Nursing Act of 1987.  Indeed, the Department stated in its response that Yap was "ineligible for licensure by endorsement in Illinois because Minnesota's requirements for licensure in 1994 were not substantially similar to the Illinois requirements" and, unlike the statute in effect in Illinois, the Minnesota statute imposed no time limits for passing the NCLEX exam.

3:
While the three-year limitation period within which to pass the exam from an applicant's first attempt was at issue in 
Valdez
, the 
Valdez
 court indicated that the amended statute was effective January 1, 1990, and cited to "225 ILCS 65/15 (West 1992)."  However, while the cited statute contained the three-year limitation language, as discussed above, the January 1, 1990, amendment provided that failure to pass the exam "a total of 6 times" would require recompleting the entire course of study.  It was the February 5, 1990, amendment, which superseded the January 1, 1990, amendment which provided for passing the exam within three years.

4:
Both 
Valdez
 and 
de la Rosa
 were authored by the same justice of this court, and the January 1, 1990, amendment was stated as the amendment at issue in 
de la Rosa
, as it was in 
Valdez
.