LORNA C. HANKE, Plaintiff-Appellee, v. THE DEPARTMENT OF PROFESSIONAL REGULATION et al., Defendants-Appellants.

First District (4th Division)   No. 1—96—1173

Opinion filed May 7, 1998.—Rehearing denied June 23, 1998.

WOLFSON, J., specially concurring.

James E. Ryan, Attorney General, of Chicago (Barbara A. Preiner, Solicitor General, and Marcia L. McCormick, Assistant Attorney General, of counsel), for appellants.

William J. Larned and James F. Carlson, both of Chicago, for appellee.

JUSTICE McNAMARA delivered the opinion of the court:

Defendants Nikki Zollar, Director of the Illinois Department of Professional Regulation; the Illinois Department of Professional Regulation (Department); and the members of the Committee of Nurse Examiners appeal from an order of the circuit court reversing the Department's decision denying plaintiff Lorna C. Hanke licensure as a professional registered nurse in Illinois. For the following reasons, we reverse the order of the circuit court. The relevant facts are as follows.

The National Council Licensure Examination (NCLEX) is a standardized nationwide exam given to all applicants who want to practice nursing in the United States. One must pass the exam before becoming licensed as a registered nurse. Hanke first took the NCLEX in Illinois in July 1979 and failed. Hanke took the test for a second time in Illinois in February 1980 and again failed. Before 1990, statutes existed in Illinois that allowed applicants to take the exam six times before being required to recomplete nurse's training. In 1990, section 15 of the Illinois Nursing Act of 1987 (225 ILCS 65/15 (West 1994)) was amended to require that an applicant pass the NCLEX within three years.

Hanke next took the exam in Minnesota in February 1994 and in November 1994 and failed both times. Finally, in July 1995, on her fifth attempt, Hanke passed the NCLEX in Minnesota. She received her license as a registered nurse in Minnesota on July 26, 1995. Hanke then applied for an Illinois license as a registered nurse by endorsement based upon her Minnesota license. Illinois allows licensure by endorsement where the requirements of the state of licensure on the date of licensure are substantially equal to the requirements then in force in Illinois. In a letter dated September 19, 1995, the Department denied Hanke licensure by endorsement, stating that the Minnesota statute at the time of Hanke's licensure there was not substantially equal to the licensing requirements in force in Illinois at the time. Furthermore, the letter indicated that Hanke was not eligible for licensure in Illinois because she had not passed the NCLEX within the required three years.

Hanke filed a complaint for administrative review of the Department's final decision on October 18, 1995, naming Nikki M. Zollar, as Director of the Illinois Department of Professional Regulation, Illinois Department of Professional Regulation, and the members of the Committee of Nurse Examiners as defendants. Hanke had summons issue on October 19, 1995, against "Nikki M. Zollar, as Director."

On November 30, 1995, the Department moved to dismiss the

complaint on the grounds that Hanke failed to cause summons to issue against the Department or the members of the Committee of Nurse Examiners. The record contains no response to this motion, nor any ruling on it. Summons was never issued against either party.

After a hearing on the matter on February 22, 1995, the circuit court reversed the Department's decision to deny licensure and ordered the Department to issue a registered professional nursing license to Hanke. The defendants appeal.

On appeal defendants contend: (1) that the circuit court erred in failing to grant defendants' motion to dismiss; and (2) that the circuit court erred when it reversed the Department's decision since Hanke failed to satisfy the statutory requirements for licensure either by endorsement or by independently meeting the requirements.

Defendants first contend that the circuit court erred in failing to dismiss this action since Hanke failed to cause summons to issue against and failed to serve the Department and the members of the Committee of Nurse Examiners. Specifically defendants contend that, in her complaint for administrative review, Hanke named the Department, the Director of the Department, and the members of the Committee of Nurse Examiners as defendants. However, Hanke only listed the Director as a defendant in the caption and body of the summons that was issued. According to defendants, Hanke never caused summons to issue against the Department or the members of the Committee of Nurse Examiners and, therefore, her action should have been dismissed. We agree. First we note that plaintiff failed to respond to this argument either in her brief or at oral argument.

■ Where expressly adopted, the Administrative Review Law (735 ILCS 5/3—101 *et seq.* (West 1994)), is the exclusive method of reviewing the decision of an administrative agency. *Straub v. Zollar,* 278 Ill. App. 3d 556, 663 N.E.2d 80 (1996); *Siciliano v. Illinois Racing Board,* 264 Ill. App. 3d 1085, 637 N.E.2d 612 (1994). Section 44 of the Illinois Nursing Act of 1987 (225 ILCS 65/44 (West 1994)) unambiguously provides that all final administrative decisions of the Department shall be reviewable pursuant to the Administrative Review Law.

■ Section 3—102 of the Administrative Review Law (the Act) (735 ILCS 5/3—102 (West 1994)) provides in pertinent part:

> "Unless review is sought of an administrative decision within the time and in the manner herein provided, the parties to the proceeding before the administrative agency shall be barred from obtaining judicial review of such administrative decision."

Sections 3—103, 3—105, and 3—107 of the Act (735 ILCS 5/3—103,

3—105, 3—107 (West 1994)) provide the time and manner for seeking administrative review. Section 3—103 of the Act provides in pertinent part:

> "Every action to review a final administrative decision shall be commenced by the filing of a complaint and the issuance of summons within 35 days from the date that a copy of the decision sought to be reviewed was served upon the party affected by the decision ***." 735 ILCS 5/3—103 (West 1994).

The 35-day period for issuance of summons is mandatory, not jurisdictional, and failure to comply with the requirement will not deprive the court of jurisdiction. *Lockett v. Chicago Police Board*, 133 Ill. 2d 349, 549 N.E.2d 1266 (1990). Section 3—105 of the Act (735 ILCS 5/3—105 (West 1994)) provides that summons must be issued on the administrative agency and on each of the other defendants.[1] Section 3—107 of the Act (735 ILCS 5/3—107 (West 1994)) dictates that "the administrative agency and all persons, other than the plaintiff, who were *** parties of record to the proceedings before the administrative agency shall be made defendants." The Act is a departure from the common law, and parties seeking its application must adhere strictly to its procedures. *Lockett*, 133 Ill. 2d at 353, 549 N.E.2d at 1267.

■ A review of the record reveals that plaintiff did not strictly adhere to the procedures set forth in the Act. Plaintiff correctly named all the necessary defendants in her complaint and filed the complaint within the 35-day period. However, plaintiff did not cause summons to issue against each defendant within the 35-day period. The summons that was issued listed only the Director as a defendant in the caption and body. Summons never issued against the Department or the members of the Committee of Nurse Examiners. Plaintiff failed to adhere to the requirements of sections 3—103 and 3—105 of the Act (735 ILCS 5/3—103, 3—105 (West 1994)). Such a failure requires dismissal of plaintiff's action. 735 ILCS 5/3—102 (West 1994). See also *Johnson v. Department of Public Aid*, 251 Ill. App. 3d 604, 622 N.E.2d 50 (1993) (trial court erred in denying motion to dismiss where plaintiff failed to have summons issue within the statutory period); *Gaski v. Brzeczek*, 165 Ill. App. 3d 964, 520 N.E.2d 879 (1988) (failure of plaintiff to have timely summons issued to all defendants mandated dismissal of administrative review complaint).

---

[1]We note that section 3—105 of the Act (735 ILCS 5/3—105 (West 1994)) was amended by Public Act 89—685, section 25, effective June 1, 1997. As the complaint in this case was filed in 1995, this amendment is inapplicable to the case at bar.

An exception to the 35-day requirement for issuance of summons does exist where, due to circumstances beyond the litigant's control, the summons was not filed within the 35-day period. *Lockett*, 133 Ill. 2d at 355, 549 N.E.2d at 1268; *Leghorn v. Kraft, Inc.*, 172 Ill. App. 3d 311, 526 N.E.2d 547 (1988). In the cases that have relaxed the 35-day requirement for issuance of summons, each plaintiff made a good-faith effort to issue summons within the prescribed period of time but, due to some circumstances beyond his control, summons was not issued within the 35-day period.

For example, in *Cox v. Board of Fire & Police Commissioners*, 96 Ill. 2d 399, 451 N.E.2d 842 (1983), the plaintiff filed his complaint for administrative review, unsigned summonses directed to each of the proper defendants, and affidavits concerning their addresses on the 35th day after service of the administrative decision. The clerk did not sign and send the summonses until the 36th day after service. The supreme court held that the summonses were timely issued. The failure to issue the summonses within the time prescribed by the statute occurred through no fault of the plaintiff, but by error of the circuit clerk. See also *City National Bank & Trust Co. v. Property Tax Appeal Board*, 97 Ill. 2d 378, 454 N.E.2d 652 (1983) (summons not served within prescribed time period due to mistake by clerk's office); *Piasa Motor Fuels, Inc. v. Department of Revenue*, 138 Ill. App. 3d 422, 486 N.E.2d 379 (1985) (same).

We find this exception to be inapplicable to the case at bar, where plaintiff offered no explanation for the failure to issue summons against the Department or the members of the Committee of Nurse Examiners (*Gaski v. Brzeczek*, 165 Ill. App. 3d 964, 520 N.E.2d 879 (1988); *Moretti v. Department of Labor*, 119 Ill. App. 3d 740, 457 N.E.2d 114 (1983)); the record fails to disclose any evidence of a good-faith effort to comply (*Spicer, Inc. v. Regional Board of School Trustees*, 212 Ill. App. 3d 16, 570 N.E.2d 678 (1991); *Gaski*, 165 Ill. App. 3d at 967, 520 N.E.2d at 881); and there is no indication that the omission was due to some circumstances beyond the plaintiff's control (*Stanley v. Department of Employment Security*, 235 Ill. App. 3d 992, 602 N.E.2d 73 (1992); *Moretti*, 119 Ill. App. 3d at 745, 457 N.E.2d at 117). Furthermore, plaintiff did not try to correct the omission.

We find that the record does not support a finding that the plaintiff made a good-faith effort to issue summons against the Department or the members of the Committee of Nurse Examiners within the prescribed period of time. Indeed, the record reflects that plaintiff made no effort to issue summons against the Department or the members of the Committee of Nurse Examiners. We find that the trial court erred in not dismissing plaintiff's action.

Recently, this court, in a case with the same issues as in the present case, held that defendants' application of section 15 of the Illinois Nursing Act of 1987 (225 ILCS 65/15 (West 1994)) constituted a prohibited retroactive use of the statute. *Yap v. Zollar*, 294 Ill. App. 3d 71, 691 N.E.2d 18 (1997). We also held that Yap was deprived of a property or liberty interest despite her vested right to a license. *Yap v. Zollar*, 294 Ill. App. 3d 71, 691 N.E.2d 18 (1997).

However, in *Yap* defendants offered no challenge to plaintiff's service of summons. Conversely, in the present case defendants filed a motion to dismiss the complaint on the ground that summonses were not properly served on defendants.

Accordingly, for the reasons set forth above, the judgment of the circuit court of Cook County is reversed.

Reversed.

SOUTH, J., concurs

JUSTICE WOLFSON, specially concurring:

I agree that the order of the circuit court should be reversed for the reasons given. I do not, however, want to be understood as agreeing with the holding in *Yap v. Zollar*, 294 Ill. App. 3d 71, 691 N.E.2d 18 (1997).