MARQUATO A. MURRY, Plaintiff-Appellee, v. THE DEPARTMENT OF PROFESSIONAL REGULATION, Defendant-Appellant.

Fifth District   No. 5—95—0041

Opinion filed April 22, 1996.—Rehearing denied May 20, 1996.

James E. Ryan, Attorney General, of Chicago (Barbara A. Preiner, Solicitor General, and William K. Blanchard, Assistant Attorney General, of counsel), for appellant.

Robert L. Merriwether, Jr., of East St. Louis, for appellee.

JUSTICE CHAPMAN delivered the opinion of the court:

The Department of Professional Regulation (Department) appeals from the circuit court's reversal of the Department's decision denying Marquato Murry her application for a nursing license by endorsement. We affirm.

Marquato Murry graduated from the Jewish Hospital School of Nursing in St. Louis, Missouri, in May of 1987. In 1987 and 1988 Murry failed her first two attempts to pass the national nursing examination for registered nurses. On her third attempt in July 1993, Murry passed the exam. Thereafter, on September 15, 1993, she was licensed as a registered professional nurse in Missouri. On September 20, 1993, Murry, a resident of Illinois, applied for licensure by endorsement as a registered professional nurse before the Department. The Department denied Murry's application for licensure because the licensing requirements in her state of original licensure were not substantially equal to those in Illinois, as provided in the Illinois Nursing Act of 1987 (225 ILCS 65/19 (West 1992)). In particular, the Department denied her application because she did not pass, within three years of completing her education as a nurse, an examination which would allow her to be licensed as a nurse.

On December 6, 1993, Murry filed her complaint for administrative review in the circuit court. The complaint stated that she had been unable to complete the exam within three years due to her husband's overseas military obligations. Murry argued that the Department erroneously applied the three-year deadline found in the licensure-by-examinations section (225 ILCS 65/15 (West 1992)) to the licensure-by-endorsement section (225 ILCS 65/19 (West 1992)), which has no three-year limitation. Murry also argued that the Department's decision was unreasonable given Murry's mitigating circumstances of being overseas with her husband, who was fulfilling his military obligation.

The Department argued that because Missouri law imposes no

limits on the period of time within which the nursing exam must be passed, Missouri law is not "substantially equal" to Illinois law. The Department also argued that Murry never apprised it of any mitigating circumstances as to why she was unable to take the exam from 1988 to 1993.

The circuit court reversed the Department's decision, finding in pertinent part:

"Under section 19 the decision of whether to grant a license depends upon an analysis of the applicable law in a state, and *not* on an applicant's particular position. Thus, in an analysis of this provision, it would be irrelevant if a particular applicant passed the examination on her first or fiftieth attempt at taking the exam; the only proper question would be whether the law of the state in which she is licensed allows applicants to become licensed upon passing the exam more than three years after completing school. If so, under the interpretation of the Department, the law of that state would not be substantially equal to the law of Illinois, and the applicant could not gain her license by way of endorsement, even if she passed the exam immediately after graduation. Thus, if plaintiff in this case is not entitled to licensure by way of endorsement because the laws of Missouri are not substantially equal to those of Illinois, then no other applicants from Missouri are entitled to licensure by way of endorsement. This interpretation makes no sense, does not support the public policy of providing qualified nurses, and cannot be the intent of the legislature.

The Court finds therefore that the three year requirement for passing a nursing exam is not such an important requirement in the Illinois nurse licensing laws that Missouri's failure to have such a requirement renders Missouri's licensing requirements not 'substantially equal.' "

The Department contends that the circuit court's decision is erroneous.

■ The Department's decision denying licensure is subject to judicial review under the Administrative Review Law. 735 ILCS 5/3—101 (West 1992); 225 ILCS 65/44 (West 1992). Agency findings on questions of fact are *prima facie* true and correct, and this court's function is limited to ascertaining whether the administrative agency's findings and decisions are against the manifest weight of the evidence. *Parisi v. Jenkins*, 236 Ill. App. 3d 42, 47, 603 N.E.2d 566, 569-70 (1992). Agency determinations on questions of law should be affirmed absent an abuse of discretion. *O'Hare-Midway Limousine Service, Inc. v. Baker*, 232 Ill. App. 3d 108, 110, 596 N.E.2d 795, 797 (1992). In addition, an agency's interpretation of statutes the agency is empowered to administer should only be overturned if it is clearly erroneous. *O'Hare-Midway*, 232 Ill. App. 3d at 111, 596 N.E.2d at 797.

■ ■ In Illinois, one may obtain licensure as a professional registered nurse by either successfully passing a licensing exam within this State (225 ILCS 65/15 (West 1992)) or by being licensed by endorsement (225 ILCS 65/19 (West 1992)). Thus, a person who is licensed in another state may obtain an Illinois license without further examination. *Burke v. Department of Registration & Education,* 83 Ill. App. 3d 647, 404 N.E.2d 961 (1980). The Department's major purpose in licensing is to prevent injury to the public by ensuring that the nursing profession is practiced with honesty and integrity and that the unskilled are excluded. 225 ILCS 65/2 (West 1992); *Yu v. Clayton,* 147 Ill. App. 3d 350, 356, 497 N.E.2d 1278, 1282 (1986). In addressing the issue in this case we are mindful of this legislatively mandated purpose of the Department.

In Illinois, an applicant for licensure who is a registered professional nurse licensed by examination under the laws of another state shall, without examination, be granted a license as a registered professional nurse by the Department whenever the requirements of such state were at the date of license substantially equal to the requirements then in force in this state. 225 ILCS 65/19 (West 1992). Of the requirements for licensure in Illinois, we turn to section 1300.25 of title 68 of the Illinois Administrative Code:

"If the examination is not passed within three years from the date of the first examination taken, regardless of the jurisdiction in which the examination was written, the applicant shall not be permitted to retake the examination until such time as the applicant has successfully recompleted the entire approved nursing education program ***." 68 Ill. Adm. Code § 1300.25(b)(3) (1994).

We also note that section 1300.30 of title 68 provides:

"Compliance with *** Section[ ] 1300.25(b)(3) *** for each registered professional nurse applicant *** shall be a requirement for Illinois nurse licensure by endorsement." 68 Ill. Adm. Code § 1300.30(7) (1994).

It is undisputed that Missouri has no limit as to the time period or number of times its examinees have to take and pass the national nursing examination. The Department argues that because Murry failed to pass the examination within three years from the date she first took the exam, and because Missouri has no provision comparable to Illinois', which limits the time period in which its examinees have to pass the exam, Murry is ineligible for Illinois licensure. We agree with the circuit court's opinion that given the Department's logic no licensed nurse in Missouri could ever be eligible for Illinois licensure by endorsement. We find the Department's stance inconsistent with the legislature's intent with regard to licensing. With that in mind we will examine the Department's decision more closely.

■ Here the Department contends that it was unaware of any mitigating circumstances behind the five-year lapse between plaintiff's second attempt and her successful passage of the nursing examination. We find this contention surprising because, in her application for licensure, Murry stated that she was out of the country for five years accompanying her husband, who was fulfilling his military obligations.

In addition to the Department's having ignored Murry's mitigating circumstances, we note that the three-year rule as applied to licensure by endorsement arises as the result of agency interpretation and regulation and not as a result of statutory mandate. Section 15 of the Illinois Nursing Act of 1987 provides in pertinent part as follows:

> "The Department shall hold examinations of applicants as licensed professional nurses *** at such times and places as it may determine. ***
> ***
> If an applicant *** fails to pass an examination for a license under this Act within 3 years after filing his application, the application is denied. *** However, any person in this State or in any other jurisdiction *** who fails to pass an examination within 3 years to determine the fitness of such person to receive a license as a registered professional nurse *** shall thereafter be ineligible to take any further examination *** until such time as such person shall submit to *** recompletion of the entire course of study ***." (Emphasis omitted.) 225 ILCS 65/15 (West 1992).

Thus, the three-year rule is statutorily mandated with regard to licensure by examination in Illinois. It is the Department's regulations (68 Ill. Adm. Code §§ 1300.25, 1300.30 (1994)) that apply the three-year rule to licensure by endorsement.

Wide latitude is given agencies charged with adopting regulations as are necessary to carry out the purposes of legislation. *Oak Liquors, Inc. v. Zagel*, 90 Ill. App. 3d 379, 381, 413 N.E.2d 56, 59 (1980). However, an agency rule or regulation must be reasonably and adequately related to the purpose of the Act which it was intended to enforce. *Oak Liquors, Inc.*, 90 Ill. App. 3d at 381, 413 N.E.2d at 59. In this case, the Department admits it did not consider Murry's mitigating circumstances, thus diminishing any chance of the Department granting a variance (68 Ill. Adm. Code § 1300.50(a) (1994)) to the regulations as interpreted by the Department. In addition, the three-year rule as provided in the Illinois Nursing Act of 1987 applies to licensure by examination, not licensure by endorsement. It is the regulations which apply the three-year rule to

licensure by endorsement. The Department's regulations, as applied to the Illinois Nursing Act of 1987, are by their nature capable of being subject to a variance, as opposed to statutory law, which is mandatory (see 68 Ill. Adm. Code § 1300.50(a) (1994)). Moreover, the Department regulations are by law required to be in accord with the nature and purpose of the legislature's intent (*Oak Liquors, Inc.*, 90 Ill. App. 3d 379, 413 N.E.2d 56), which in this case is to protect the public from the unskilled (225 ILCS 65/2 (West 1992)). Given the circumstances at bar, we find that the Department's application of the three-year rule was a manifest abuse of its discretion. Therefore, we affirm the circuit court's decision ordering the Department to issue Murry a license pursuant to section 19 of the Illinois Nursing Act of 1987 (225 ILCS 65/19 (West 1992)).

Affirmed.

KUEHN and GOLDENHERSH, JJ., concur.