CONSTANCIA O. BINKLEY, Plaintiff-Appellant, v. NIKKI M. ZOLLAR, Director, The Department of Professional Regulation, *et al.*, Defendants-Appellees.

First District (5th Division)   No. 1—96—3073

Opinion filed June 13, 1997.

Ruben, Kaplan & Rosen, of Chicago (Norman S. Rosen and Bernard M. Kaplan, of counsel), for appellant.

James E. Ryan, Attorney General, of Chicago (Barbara A. Preiner, Solicitor General, and Michael P. Doyle, Assistant Attorney General, of counsel), for appellees.

JUSTICE HOFFMAN delivered the opinion of the court:

The plaintiff, Constancia O. Binkley, appeals from an order of the circuit court affirming a decision of the Illinois Department of Professional Regulation (Department) denying her application for licensure as a registered professional nurse. For the reasons that follow, we affirm.

After completing a three-year course of study, the plaintiff received a degree in nursing from St. Anne's School of Nursing in the Philippine Islands and was licensed as a registered nurse in that country in 1982. The plaintiff migrated to the United States in 1988 and has been employed as a nurse-technician and certified nurse assistant at Michael Reese Hospital in Chicago since November 1989.

The plaintiff registered to take the National Council Licensure Examination for Registered Nurses (NCLEX) in Illinois in July 1989 but was absent from the test due to illness. Thereafter, the plaintiff took and failed the NCLEX in Minnesota in February 1990, February 1991, July 1991, February 1992, July 1992, and February 1994. In July 1994, the plaintiff passed the NCLEX in Minnesota and was licensed as a registered professional nurse in that state on July 13, 1994.

Supported by her Minnesota license, the plaintiff applied to the Department on October 24, 1994, for a license to practice as a registered professional nurse in Illinois under the endorsement of license provisions of section 19 of the Illinois Nursing Act of 1987 (Act) (225 ILCS 65/19 (West 1994)). The Department denied her application on November 2, 1994, because, on the date that the plaintiff received her license to practice as a registered professional nurse in Minnesota, that state's requirements to be licensed by examination were not substantially equal to the Illinois requirements in effect at that time. Specifically, her application was denied because she failed to pass the licensing examination within three years as required by section 15 of the Act (225 ILCS 65/15 (West 1994)).

On December 6, 1994, the plaintiff filed a complaint for administrative review in the circuit court. The circuit court affirmed the decision of the Department, and this appeal followed.

Relying upon the decision in *Murry v. Department of Professional Regulation*, 279 Ill. App. 3d 655, 664 N.E.2d 716 (1996), the plaintiff argues that the requirement that an applicant pass a licensing examination within a three-year period as set forth in section 15 of the Act applies only to licensure by examination and not licensure by endorsement under section 19 of the Act. We disagree and decline to follow *Murry*.

■ Section 19 of the Act provides:

"(a) Upon payment of the required fee, and pursuant to rules and regulations promulgated by the Department, an applicant who is a registered professional nurse *** licensed by examination under the laws of another state or territory of the United States shall, without examination, be granted a license as a registered professional nurse *** by the Department:

(1) whenever the requirements of such state, or territory of the United States were at the date of license substantially equal to the requirements then in force in this State ***; or

(2) whenever such requirements of another state or territory of the United States together with educational and professional qualifications, as distinguished from practical experience, of the applicant since obtaining a license as a registered professional nurse *** in such state or territory of the United States are substantially equal to the requirements in force in Illinois at the time of application for licensure as a registered nurse *** in Illinois." 225 ILCS 65/19(a) (West 1994).

Thus, to be eligible for licensure by endorsement, an applicant must be licensed by examination as a registered professional nurse under the laws of another state or territory of the United States, and the requirements for licensure in such other state or territory on the date that an applicant was so licensed must have been substantially equal to the requirements in force in Illinois at that time.

To be licensed as a professional registered nurse by examination in both Illinois and Minnesota, applicants must pass the NCLEX. Illinois, unlike Minnesota, has a time limit within which an applicant must pass the examination. Section 15 of the Act provides that "any person in this State or in any other jurisdiction of the United States who fails to pass an examination within 3 years to determine the fitness of such person to receive a license as a registered professional nurse *** shall thereafter be ineligible to take any further examination or examinations, or be issued a license, until such time as such person shall submit to the Department full evidence as the Department may deem satisfactory, of the recompletion of the entire course of study" specified in section 12 of the Act. 225 ILCS 65/15 (West 1994).

There is no question that the plaintiff's failure to pass the NCLEX within three years would have rendered her ineligible to be licensed by examination in Illinois by reason of the provisions of section 15 of the Act. The issue before us, however, is whether her failure to pass the NCLEX within three years also renders her ineligible for licensure by endorsement under section 19 of the Act as a consequence of Minnesota's failure to impose the same three-year requirement for passing the examination.

As stated earlier, the court in *Murry* held that the three-year examination passage rule set forth in section 15 of the Act applies only to licensure by examination, not licensure by endorsement under section 19 of the Act. *Murry*, 279 Ill. App. 3d at 659. In reaching that

conclusion, the court found that application of the three-year rule to licensure by endorsement was the product of the Department's regulations, specifically, section 1300.30 of title 68 of the Administrative Code, which states that passage of the examination within three years from the date that it is first taken "shall be a requirement for Illinois nurse licensure by endorsement" (68 Ill. Adm. Code § 1300.30(7) (1994)). See *Murry*, 279 Ill. App. 3d at 658-59. According to the *Murry* court, such a regulation is inconsistent with the legislative intent with regard to licensing. *Murry*, 279 Ill. App. 3d at 658. We must respectfully disagree with the conclusion reached in *Murry* and the reasoning that the court employed to reach that conclusion.

Because the practice of professional nursing affects the public health, safety, and welfare, the legislature declared it to be subject to regulation and control (225 ILCS 65/2 (West 1994)) and authorized the Department to promulgate rules to implement, interpret, or make specific the provisions and purposes of the Act (225 ILCS 65/10(a) (West 1994)). The Department has interpreted section 19 of the Act to mean that licensure by endorsement is not available to a person who, although licensed by examination as a registered professional nurse in another jurisdiction, would have been ineligible for licensure by examination in this state by reason of our stricter requirements. In furtherance of that interpretation, the Department promulgated a regulation making the three-year rule of section 15 of the Act applicable to those seeking licensure by endorsement under section 19. We believe that such an interpretation is both reasonable and consistent with the purposes of the Act.

■ The primary rule of statutory construction, to which all other rules of construction are subordinate, is to determine and give effect to the intent of the legislature. *People ex rel. Baker v. Cowlin*, 154 Ill. 2d 193, 607 N.E.2d 1251 (1992). In determining the intent of the legislature, courts should first consider the language of the statute and, where that language is clear, it should be given effect without resorting to other aids for construction. *Baker*, 154 Ill. 2d at 197. By clear and unambiguous language, section 15 of the Act imposes a three-year period within which a person must pass an examination in order to be licensed as a registered professional nurse by examination in Illinois. Section 19 of the Act, also by clear and unambiguous language, provides for licensure by endorsement, but only if the applicant is licensed by examination in another jurisdiction that imposes requirements for licensure that are substantially equal to those in force in Illinois.

A state that permits a person to take a licensing examination an unlimited number of times until passage can hardly be said to have

substantially equal requirements as a state, such as Illinois, that limits the period within which a applicant must pass a licensing examination to three years and, in the event that the applicant fails to pass the examination within such a period, requires proof of further study. It would be an anomaly for Illinois to require applicants for a license by examination to pass a licensing examination within three years, but permit others who failed to pass the very same examination within three years to be licensed by endorsement. Such an interpretation would encourage Illinois residents unable to pass the NCLEX within a three-year period, like the plaintiff in this case and the plaintiff in *Murry*, to cross into a neighboring state that has no comparable three-year rule, take the examination as many times as is necessary in order to pass, obtain a license to practice as a registered professional nurse in such a jurisdiction, and then apply for licensure in Illinois by endorsement, thereby effectively avoiding the requirements of section 15 of the Act. Either the ability to pass a licensing examination within three years reflects on one's ability to practice as a registered professional nurse or it does not. Our legislature thinks that it does (see 225 ILCS 65/15 (West 1994)), and the Department's interpretation of section 19 of the Act in this case is wholly consistent with that legislative determination and the plain language of the statute.

The decision of the circuit court affirming the Department's denial of licensure in this case is affirmed.

Affirmed.

HOURIHANE and SOUTH, JJ., concur.