ALEYAMMA JOHN, Plaintiff-Appellee, v. THE DEPARTMENT OF PROFESSIONAL REGULATION *et al.*, Defendants-Appellants.

First District (4th Division)    No. 1—97—4560

Opinion filed June 17, 1999.

James E. Ryan, Attorney General, of Chicago (Barbara A. Preiner, Solicitor General, and Marcia L. McCormick, Assistant Attorney General, of counsel), for appellants.

Leon Fox, of Morgen & Fox, of Northbrook, for appellee.

JUSTICE HALL delivered the opinion of the court:

Defendant, the Department of Professional Regulation (Department), appeals from the circuit court's reversal of its decision denying plaintiff, Aleyamma John (plaintiff), a nursing license by endorsement. The trial court remanded the matter to the Department with instructions to issue a license to plaintiff. On appeal, the Department contends: (1) the 1990 amendment (Pub. Act 86—596, eff. January 1, 1990) to the Illinois Nursing Act of 1987 (Act) (225 ILCS 65/15 (West 1996)), which requires applicants to pass the National Council Licensure Examination (NCLEX) within a three-year period, applies to candidates for licensure by endorsement; and (2) the 1990 amendment to the Act was not retroactively applied to plaintiff. For the following reasons, we reverse and remand the judgment of the circuit court.

The following facts are relevant to this appeal. Plaintiff was licensed as a registered nurse in Florida in September of 1993. As a prerequisite for licensure, plaintiff was required to successfully complete the NCLEX within three years. Plaintiff failed the NCLEX in the State of Illinois in February 1987, July 1987, February 1988, July 1988 and February 1989. Plaintiff failed the NCLEX in the State of Florida in July 1992 and February 1993.

On her eighth attempt, plaintiff passed the NCLEX in the State of Florida in July 1993. Plaintiff filed an application for licensure by endorsement of her Florida registered nurse's license in December 1996 with the State of Illinois. The Department denied plaintiff's application in March 1997. The Department explained that in order to be eligible for licensure by endorsement, plaintiff must have been licensed under a statute that was substantially equal to the statute in force in Illinois at the date of her licensure in another state. The Florida statute under which plaintiff was licensed was not substantially equal to the licensing requirements in effect in Illinois. Specifically, the statute in Illinois requires an applicant to pass the NCLEX within three years. The Florida statute contained no such provision.

Plaintiff did not successfully complete the NCLEX within three years. In addition, because plaintiff graduated from a nursing program in India, the Department requested she provide evidence that she passed the Commission on Graduates of Foreign Nursing Schools (CGFNS) examination. Plaintiff failed to comply. For these reasons, the Department denied plaintiff's application for licensure by endorsement.

Plaintiff filed a complaint for administrative review of the

Department's final decision. The circuit court reversed the Department's decision denying plaintiff licensure by endorsement and remanded the matter for action consistent with its ruling. The circuit court held: (1) the three-year rule applied to applicants for licensure by endorsement; and (2) the "cut-off" date for the passage of the NCLEX for those applicants who had taken the examination prior to the 1990 amendment of the Act was March 1993. Although plaintiff had not complied with the licensing requirements of the State of Illinois, the trial court reasoned that plaintiff should be issued a license since she passed the exam "only a few months after the March 1993 cut-off date."

The circuit court stayed its order for 30 days, pending appeal. The Department's timely appeal followed. This court entered a stay of the circuit court's order pending resolution of the appeal.

■ Initially, we note that the Department's decision to deny a professional license is subject to judicial review under the Administrative Review Law (735 ILCS 5/3—101 (West 1996)). 225 ILCS 65/44 (West 1996). Where the facts before the administrative agency are not in dispute, their legal effect is a matter of law. *Fitzpatrick v. Human Rights Comm'n*, 267 Ill. App. 3d 386, 390, 642 N.E.2d 486 (1994). Questions of law are reviewed *de novo. Envirite Corp. v. Illinois Environmental Protection Agency*, 158 Ill. 2d 210, 214, 632 N.E.2d 1035 (1994). The reviewing court also recognizes that the Department's construction of the Act is entitled to substantial deference and should be affirmed unless it is clearly erroneous. *O'Hare-Midway Limousine Service, Inc. v. Baker*, 232 Ill. App. 3d 108, 111, 596 N.E.2d 795 (1992).

■ We must first determine whether requiring applicants to pass the NCLEX within three years, as set forth in the 1990 amendment of section 15 of the Act, is applicable to licensure by endorsement under section 19 of the Act. The Department contends that the amendment of the Act does so extend. We agree.

Section 19 of the Act sets forth the requirements for licensure by endorsement and provides in relevant part:

"[A]n applicant who is a registered professional nurse *** licensed by examination under the laws of another state *** shall, without examination, be granted a license as a registered professional nurse *** by the Department:

(1) whenever the requirements of such state *** were at the date of license substantially equal to the requirements then in force in this State *** or

(2) whenever such requirements of another state *** together with educational and professional qualifications, as

distinguished from practical experience, of the applicant since obtaining a license as a registered professional nurse *** in such state *** are substantially equal to the requirements in force in Illinois at the time of application for licensure as a registered nurse *** in Illinois." 225 ILCS 65/19(a) (West 1996).

In Illinois, as well as in Florida, to receive a professional registered nurse's license by examination, applicants are required to pass the NCLEX. However, in 1990, the Illinois Act was amended and now requires applicants to pass the examination within three years. As a result of the 1990 amendment to the Act, the Illinois and Florida statutes are not substantially equal. Section 15 of the Act, as amended in 1990, is applicable to plaintiff. Section 15 of the Act provides in pertinent part:

"[A]ny person *** who fails to pass an examination within 3 years *** to determine the fitness of such person to receive a license as a registered professional nurse *** shall thereafter be ineligible to take any further examination or examinations, or be issued a license, until such time as such person shall submit to the Department full evidence as the Department may deem satisfactory, of the recompletion of the entire course of study *** as specified in Section[ ] 12 *** of this Act." 225 ILCS 65/15 (West 1996).

Section 1300.30 of Title 68 of the Administrative Code states that passage of the examination within three years from the date that it is first taken "shall be a requirement for Illinois nurse licensure by endorsement." 68 Ill. Adm. Code § 1300.30(e) (1996); *Murry v. Department of Professional Regulation*, 279 Ill. App. 3d 655, 658, 664 N.E.2d 716 (1996); *Binkley v. Zollar*, 289 Ill. App. 3d 189, 192, 681 N.E.2d 153 (1997). Further, the legislature has declared the practice of professional nursing to be subject to regulation and control because this practice affects public health, safety, and welfare. 225 ILCS 65/2 (West 1996). Subsequently, the Department is authorized by the legislature to promulgate rules to implement, interpret, or make specific the provisions and purposes of the Act. 225 ILCS 65/10(a) (West 1996). The Department's interpretation of section 19 does not provide licensure by endorsement to an individual who, although duly licensed by examination in another jurisdiction, would have been ineligible for licensure by examination in this state. *Binkley*, 289 Ill. App. 3d at 192. "In furtherance of that interpretation, the Department promulgated a regulation making the three-year rule of section 15 of the Act applicable to those seeking licensure by endorsement under section 19." *Binkley*, 289 Ill. App. 3d at 192.

█ In the instant case, plaintiff is not eligible for licensure under

section 19 because the three-year rule contained in section 15 is applicable to candidates for licensure by endorsement. Plaintiff failed to pass the NCLEX within three years. Additionally, section 19 requires that the applicant be licensed in a state with substantially equal requirements. Florida's licensing requirements are not substantially equal because Florida does not require its applicants to pass the NCLEX within a specific period of time. This court in *Binkley* held that a state which allows a person to take a licensing examination an unlimited number of times cannot be said to have substantially equal requirements. *Binkley*, 289 Ill. App. 3d at 192-93. Further, it would be an anomaly for Illinois to require applicants by examination to pass the NCLEX within three years, but permit those who fail to pass within three years to be licensed by endorsement. *Binkley*, 289 Ill. App. 3d at 193.

The court in *Murry* stated a contrary position. *Murry* held that requiring applicants to pass the NCLEX within three years as set forth in section 15 of the Act is applicable to licensure by examination only, not licensure by endorsement under section 19 of the Act. *Murry*, 279 Ill. App. 3d at 658-59. Additionally, the court found that the application of the three-year rule to licensure by endorsement was the product of the Department's regulations, specifically, section 1300.30 of Title 68 of the Administrative Code. *Murry*, 279 Ill. App. 3d at 659. The court in *Murry* further concluded that section 1300.30 of Title 68 of the Administrative Code as it relates to licensing is inconsistent with legislative intent. *Murry*, 279 Ill. App. 3d at 658. However, this court in *Binkley* believed the Department's interpretation of section 19 to be both reasonable and consistent with the purposes of the Act. *Binkley*, 289 Ill. App. 3d at 192. We reject the reasoning in *Murry* and follow that of *Binkley*.

Plaintiff further maintains that her licensure by endorsement is in the best interest of the public. We do not believe this is so. "The Department's major purpose in licensing is to prevent injury to the public by ensuring that the nursing profession is practiced with honesty and integrity and that the unskilled are excluded." *Yu v. Clayton*, 147 Ill. App. 3d 350, 356, 497 N.E.2d 1278 (1986). The plaintiff in this case has failed to meet the Department's standards; thus, her licensure could jeopardize public health, safety, and welfare.

We now turn to the issue of whether section 15 of the Act, as amended in 1990, was retroactively applied to plaintiff. In this case, the Department contends that the 1990 amendment of the Act was not retroactively applied to plaintiff because no vested right was affected. Plaintiff argues that she has a vested right in a registered nursing license. Furthermore, plaintiff contends that the three-year

rule in section 15 has been applied to her in a retroactive manner thereby adversely impacting a vested right. We disagree.

In Illinois, "[t]he principles applicable for determining whether a statutory amendment applies to an existing controversy on appeal have not been consistently stated." *First of America Trust Co. v. Armstead*, 171 Ill. 2d 282, 287-88, 664 N.E.2d 36 (1996). In some cases, courts have focused on determining legislative intent. *People v. Fiorini*, 143 Ill. 2d 318, 333, 574 N.E.2d 612 (1991). In yet other cases, the courts have simply applied a general rule providing that a court should apply the law as it exists at the time of the appeal unless such application would affect a vested right. *Bates v. Board of Education*, 136 Ill. 2d 260, 268-69, 555 N.E.2d 1 (1990). Vested rights are interests that are protected from legislative interference. *Envirite*, 158 Ill. 2d at 215.

■ The preferred approach in Illinois is to employ the law that applies by its terms at the time of the appeal, unless doing so would interfere with a vested right. *First of America*, 171 Ill. 2d at 289. "[R]etroactivity is defined in terms of the effect an amendment has on vested rights." *First of America*, 171 Ill. 2d at 289. Where an amendment does not reach back and interfere with vested rights, there is no retroactive impact. *First of America*, 171 Ill. 2d at 289.

In *United States Steel Credit Union v. Knight*, 32 Ill. 2d 138, 142, 204 N.E.2d 4 (1965), the court emphasized that "it is well settled that a statute is not retroactive just because it relates to antecedent events, or because it draws upon antecedent facts for its operation." Moreover, the application of an amended statute is not retroactive unless that application impacts a vested right. *Envirite*, 158 Ill. 2d at 215. A vested right is "an expectation that is so far perfected that it cannot be taken away by legislation." *First of America*, 171 Ill. 2d at 290-91, citing *Sanelli v. Glenview State Bank*, 108 Ill. 2d 1, 20, 483 N.E.2d 226 (1985). A vested right may also be defined as a "complete and unconditional demand *** that may be equated with a property interest." *First of America*, 171 Ill. 2d at 291.

■ The Department's requirement that plaintiff be eligible for licensure under the terms of the statute in force at the time of her application cannot be deemed a retroactive application of the statute because no vested rights were affected. Although it is clear that plaintiff has not complied with the statute, we infer from her argument that she erroneously perceives her vested right to be in the receipt of a registered nursing license. In *Valdez v. Zollar*, 281 Ill. App. 3d 329, 333, 665 N.E.2d 560 (1996), this court held that pre-1990 applicants had a vested right in foregone examination attempts made in an effort to acquire a nursing license, not in the registered nurse's license itself. Additionally, this court in *Valdez* held that the 1990

amendment could not be applied to preclude additional NCLEX attempts by pre-1990 applicants before March 1993, because to do so would create a new obligation violative of vested rights in consideration of previous exams. *Valdez*, 281 Ill. App. 3d at 333. *Valdez* preserved plaintiff's vested right in her past examination attempts and set the date for her successful completion of the NCLEX as March 1993. Plaintiff did not have a vested right in a registered nursing license. Because plaintiff had no vested right in a license, the 1990 amendment had no retroactive effect.

The courts have been inconsistent with respect to this area of law. In *Yap v. Zollar*, 294 Ill. App. 3d 71, 691 N.E.2d 18 (1997), the plaintiff passed the NCLEX in Minnesota in February 1994 and was duly licensed in that state. The plaintiff applied for licensure by endorsement in Illinois. *Yap*, 294 Ill. App. 3d at 73-74. The Department denied her application because she failed to pass the NCLEX within three years of her first attempt. *Yap*, 294 Ill. App. 3d at 74. This court held: (1) the plaintiff was given no notice that pre-1990 applicants must pass the NCLEX by March 1993; therefore, the 1990 amendment could not be used to bar her from licensure; and (2) amendments should be applied prospectively rather than retroactively. *Yap*, 294 Ill. App. 3d at 82-84. Under *Yap*, pre-1990 applicants received a "clean slate" and were not required to successfully complete the NCLEX by March 1993. They simply were to pass the exam three years from the time of their first attempt after the 1990 amendment. Thus, under the analysis in *Yap*, pre-1990 applicants were in a better position than those who initially attempted the NCLEX in February 1990.

A different result was reached in *Valdez*. *Valdez*, 281 Ill. App. 3d at 333. In that case, the plaintiff failed seven NCLEX examinations. The plaintiff passed the NCLEX in February of 1993, her eighth attempt. She was licensed in Minnesota. In November 1993, the Department of Professional Regulation denied the plaintiff licensure, citing Illinois' three-year rule on passing the NCLEX and concluding that the Minnesota and Illinois statutes were not substantially equal. The court in *Valdez* held: (1) three years is an ample amount of time for pre-1990 applicants to have discovered and adjusted to the 1990 amendment, allowing them as many additional opportunities as they had before the amendment's adoption; and (2) because the plaintiff passed the NCLEX before March 1993, the defendants had no authority to deny the plaintiff her nursing license based on the three-year limit. *Valdez*, 281 Ill. App. 3d at 335. Additionally, this court selected March 1993 as the date when the three-year rule could be enforced to bar pre-1990 applicants from additional NCLEX attempts because this is the date when post-1990 amendment applicants could begin to be barred. *Val-*

*dez*, 281 Ill. App. 3d at 335. See *de la Rosa v. Zollar*, 291 Ill. App. 3d 855, 861-62, 684 N.E.2d 811 (1997) (finding that all pre-1990 applicants must successfully complete the NCLEX by March 1993 regardless of the date of their first examination attempt after the 1990 amendment).

Plaintiff's reliance on *Yap* is clearly misplaced. Plaintiff asserts that the three-year period begins to run from the date of her first examination attempt after the 1990 amendment. She further argues that she had no notice of the provisions of the newly amended statute requiring her to pass the examination by March 1993. Plaintiff passed the NCLEX in July 1993. *Valdez* and *de la Rosa* require strict adherence to successful completion of the NCLEX by March 1993. Plaintiff has failed to meet the requisite standards for licensure by endorsement in Illinois. We reject the rationale in *Yap* and adopt the holdings in *Valdez* and *de la Rosa*.

Accordingly, we reverse the judgment of the circuit court of Cook County and remand for proceedings not inconsistent with this opinion.

Reversed and remanded.

SOUTH, P.J., and WOLFSON, J., concur.