DUTTALA OBULA REDDY, Plaintiff-Appellant, v. THE DEPARTMENT OF PROFESSIONAL REGULATION *et al.*, Defendants-Appellees.

Fourth District    No. 4—01—1055

Argued November 19, 2002.—Opinion filed December 12, 2002.

---

James P. Baker and John A. Baker (argued), both of Law Offices of James P. Baker, of Springfield, for appellant.

James E. Ryan, Attorney General, of Chicago (Joel D. Bertocchi, Solicitor General, and Jan E. Hughes (argued), Assistant Attorney General, of counsel), for appellees.

JUSTICE COOK delivered the opinion of the court:

Plaintiff, Duttala Obula Reddy, M.D., a doctor specializing in psychiatry, contests the sanctions imposed upon his medical license by defendant, Illinois Department of Professional Regulation (Department), arising from plaintiff's romantic relationship with a patient. We affirm.

## I. BACKGROUND

The problems began in 1991 when plaintiff fell in love with a female patient whom he was treating for various mental health issues. Plaintiff pronounced his love for his patient during a session, at which moment she "fired" him as her therapist, and the relationship took off from there. Plaintiff moved his new lover into his home with his wife and kids, eventually divorced his wife, and then married his patient. The marriage lasted about a year.

In 1996, the Department instituted a disciplinary complaint against plaintiff seeking to sanction him for misconduct relating to the aforementioned romantic relationship with his patient. After a series of hearings, the administrative law judge (ALJ) made extensive findings of fact and conclusions of law and recommended plaintiff's professional license be placed on two years' probation with certain restrictions on plaintiff's practice of medicine. The ALJ forwarded his report to the Illinois Medical Disciplinary Board (Board). The Board accepted and incorporated the ALJ's findings of fact and most of the conclusions of law in its own report, but the Board recommended a more severe sanction, including a six-month suspension of plaintiff's medical license and more onerous restrictions prohibiting plaintiff from supervising other doctors. The Board stated that it believed plaintiff's actions were egregious, warranting a stiffer penalty than that recommended by the ALJ, and that the stiffer penalty was more in line with precedent in similar cases. The Board forwarded its report to the Director of the Department, who made the final decision. The Director adopted the Board's findings and recommendations and issued an order suspending plaintiff's medical license for six months and restricting him from supervising other doctors.

Plaintiff filed a timely complaint in the circuit court for review of the Department's administrative order pursuant to the Illinois Administrative Review Law (735 ILCS 5/3—101 through 3—113 (West 1998)). The circuit court remanded the case to the Department three times because of various technical and substantive shortcomings. On

the fourth try, the Department issued an order that adopted all of the Board's findings of fact and conclusions of law (which were now exactly the same as the ALJ's), and the Board's recommendation of a six-month suspension with a restriction on supervising other doctors (which was different from the ALJ's). The circuit court affirmed this order. Plaintiff appeals.

## II. ANALYSIS

Plaintiff raises two arguments on appeal: (1) the form of the Department's order does not satisfy statutory requirements, and (2) the sanction imposed by the order was too harsh and therefore an abuse of the Department's discretion. We address each issue in turn.

### A. Sufficiency of Form

Plaintiff initially argues that the Department's order does not satisfy the requirements of form found in section 10—50 of the Illinois Administrative Procedure Act (Administrative Procedure Act) (5 ILCS 100/10—50 (West 2000)) and section 40 of the Illinois Medical Practice Act of 1987 (Medical Practice Act) (225 ILCS 60/40 (West 2000)). This presents a question of law, which we review *de novo. John v. Department of Professional Regulation*, 305 Ill. App. 3d 964, 967, 713 N.E.2d 673, 675 (1999) ("Questions of law are reviewed *de novo*"). Plaintiff does not challenge any of the Department's substantive factual findings or legal conclusions.

■ Section 10—50 of the Administrative Procedure Act provides in pertinent part:

"(a) A final decision or order adverse to a party (other than the agency) in a contested case shall be in writing or stated in the record. A final decision shall include findings of fact and conclusions of law, separately stated. Findings of fact, if set forth in statutory language, shall be accompanied by a concise and explicit statement of the underlying facts supporting the findings." 5 ILCS 100/10—50(a) (West 2000).

Section 40 of the Medical Practice Act provides in pertinent part:

"Each certificate of order of revocation, suspension, or other disciplinary action shall contain a brief, concise statement of the ground or grounds upon which the Department's action is based, as well as the specific terms and conditions of such action." 225 ILCS 60/40 (West 2000).

■ In this case, the ultimate order issued by the Department adopted the factual findings and legal conclusions of the ALJ (via the Board's recommendation). These findings and conclusions were separately stated. The order also stated the grounds for the Department's action. Stated succinctly, plaintiff's romantic relationship with

a patient was a very serious breach of judgment and his professional responsibilities. In all respects, the Department's order satisfies the requirements of form found in the cited statutes.

Plaintiff argues, however, that the Department's order is deficient because it does not explain why it disregarded mitigating evidence found by the ALJ and why it imposed a harsher sanction than that recommended by the ALJ. In response to plaintiff's argument, we first note that there is no indication that the Department disregarded the mitigating evidence. To the contrary, the Department accepted and incorporated all of the ALJ's findings of fact, which would necessarily conclude findings regarding mitigating facts. Second, the Department (by accepting the recommendation of the Board) did explain why it imposed a harsher discipline than that recommended by the ALJ. Specifically, the grievous nature of plaintiff's behavior and the past precedent of sanctions in similar cases. See, *e.g.*, *Siddiqui v. Department of Professional Regulation*, 307 Ill. App. 3d 753, 764, 718 N.E.2d 217, 228 (1999) (because of need for uniformity of sanctions in disciplinary proceedings, sanctions imposed in similar cases may be considered).

In short, the Department relied on the exact same factual findings and legal conclusions as the ALJ, but simply decided that those same facts and conclusions warranted a different sanction than that recommended by the ALJ. Just because the ALJ thought the circumstances warranted a certain sanction does not mean that that was the only possible conclusion that could be drawn. It is axiomatic that different persons can look at the same facts and come to different conclusions. While the ALJ could make recommendations, the authority to make the ultimate decision rested with the Department. The form of the Department's order satisfied the statutory requirements. There was no error here.

### B. Severity of the Sanctions

■ The standard of review is whether the Department abused its discretion in imposing the sanction that it did. *Siddiqui*, 307 Ill. App. 3d at 763, 718 N.E.2d at 228. The Department abuses its discretion when it imposes a sanction that is "(1) overly harsh in view of the mitigating circumstances or (2) unrelated to the purpose of the statute." *Siddiqui*, 307 Ill. App. 3d at 763, 718 N.E.2d at 228. "The purpose of the Medical Practice Act is to protect the public health and welfare from those not qualified to practice medicine." *Siddiqui*, 307 Ill. App. 3d at 764, 718 N.E.2d at 228. We must defer to the administrative agency's expertise and experience in determining what sanction is appropriate to protect the public interest. *Siddiqui*, 307 Ill. App. 3d at 764, 718 N.E.2d at 228-29.

Plaintiff argues that the sanction of a six-month suspension was unduly harsh considering the mitigating circumstances (agreeing with the ALJ), and that it will not serve the purpose of the statute. Plaintiff also argues that prohibiting him from supervising other doctors has no reasonable relationship to the purpose of the statute.

■ In this case, the Department determined that plaintiff's behavior warranted discipline under three statutory grounds: (1) plaintiff's behavior was unethical and unprofessional (225 ILCS 60/22(A)(5) (West 2000)); (2) plaintiff's behavior was immoral (225 ILCS 60/22(A)(20) (West 2000)); and (3) plaintiff suffered from a mental illness that resulted in his inability to practice with a reasonable degree of judgment (225 ILCS 60/22(A)(27) (West 2000)). As cited above, the purpose of the sanctions authorized by the Medical Practice Act is to protect the public health and welfare from those not qualified to practice medicine. The Department, even with the mitigating circumstances, determined that for a doctor guilty of these shortcomings, a six-month suspension and a prohibition from supervising other doctors would serve to protect the public health and welfare. This decision is not so arbitrary, unreasonable, or harsh that this court can say the Department abused its discretion. See, *e.g.*, *Pundy v. Department of Professional Regulation*, 211 Ill. App. 3d 475, 488, 570 N.E.2d 458, 467 (1991) (six-month suspension of psychiatrist's license as sanction for affair with patient is not an abuse of discretion, even with mitigating facts). We therefore defer to the experience and expertise of the Department in these matters and affirm its order.

## III. CONCLUSION

For these reasons, we affirm the order of the Department.

Affirmed.

KNECHT and STEIGMANN, JJ., concur.